UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIA TOLOMEI,

                        Plaintiff,

      -against-

HESS RESTORATIONS, INC. and
LADA GABRIEL aka LADA SULTANOVA,

                        Defendants.
-----------------------------------------------------------------X

23 CV 52

**COMPLAINT AND
JURY TRIAL DEMAND**

      Plaintiff JULIA TOLOMEI ("Plaintiff or Ms. Tolomei"), by and through her attorneys, DOLCE LAW PLLC, for her Complaint against HESS RESTORATIONS, INC. ("HESS RESTORATIONS") and LADA GABRIEL aka LADA SULTANOVA ("GABRIEL") (together, "Defendants") alleges as follows:

### NATURE OF THE ACTION

      1.     Ms. Tolomei brings this action against Defendants for failure to pay statutorily-required minimum wage rates and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., New York Labor Law ("NYLL") §§ 663 and 652(1), §§ 142-2.1 and 142-2.2 of Title 12 of New York's Codes, Rules and Regulations ("NYCRR"); statutory damages under NYLL § 198 for violating NYLL § 195's mandatory notice provisions; and unpaid wages and liquidated damages under NYLL § 198(1-a) for violating NYLL § 193, 191, and 198(3). This action also seeks damages to redress Defendants unlawful retaliation against Plaintiff for exercising her statutory rights under the FLSA, 29 U.S.C. § 215(a)(3) et seq. and NYLL § 215 et seq.

      2.     Plaintiff also seeks actual damages and interest from Defendants for common law breach of contract or, in the alternative, unjust enrichment and quantum meruit.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

6. Plaintiff served the Attorney General of the State of New York with notice of her retaliation claim under NYLL, pursuant to NYLL § 215.

## JURY DEMAND

7. Plaintiff hereby demands a trial by jury.

## PARTIES

8. Plaintiff is a natural person residing in the State of New York.

9. Defendant HESS RESTORATIONS is a domestic corporation engaged in the business of restoring art objects. At all relevant times, Defendant HESS RESTORATIONS was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in interstate commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

10. Upon information and belief, Defendant GABRIEL is a natural person residing in the State of New York and the owner of Defendant HESS RESTORATIONS. Upon information and belief, Defendant GABRIEL is the sole owner, officer, and shareholder of Defendant HESS

RESTORATIONS. She is sued individually and in her capacity as owner, officer, and shareholder of Defendant HESS RESTORATIONS.

## MATERIAL FACTS

11. Ms. Tolomei is a graduate of the Fashion Institute of Technology where she earned a Bachelor's degree in Restoration in 1999.

12. After an extensive interview process during which Ms. Tolomei submitted her resume and photographs of her previous work, on or about September 7, 2022, Defendants engaged Ms. Tolomei to do the highly skilled work of a Conservator/Restorer.

13. The job required Ms. Tolomei to spend 25% or more of her working time engaged in physical labor.

14. When the Defendant GABRIEL engaged Ms. Tolomei, she agreed on behalf of Defendants to a minimum hourly rate of $65.

15. Defendants did not provide Ms. Tolomei with a written agreement.

16. While engaged with Defendants, Ms. Tolomei worked for a total of 87 hours.

17. Ms. Tolomei performed all services under her engagement with Defendants exclusively at Defendants' studio.

18. On a couple of occasions, Ms. Tolomei ran errands to obtain materials for Defendants.

19. Defendants misclassified Ms. Tolomei as an independent contractor, when she was, as a matter of law and fact, an employee. In addition to the already stated facts, the following are indicia of Ms. Tolomei's status as an employee under the common law:

    a. Ms. Tolomei was not hired to work for Defendants on a temporary basis, but rather for an indefinite period of time.

    b.        Ms. Tolomei's work for Defendants was continuous and not intermittent.

    c.        Throughout her employment, Ms. Tolomei worked and was physically present at Defendant HESS RESTORATIONS's studio at 526 West 26th Street, Suite 602, New York, New York 10001.

    d.        In performing services for Defendants, Ms. Tolomei used Defendant HESS RESTORATIONS tools and instrumentalities, including, but not limited to, its studio, furniture, brushes, glues, and other materials.

    e.        At all times, Ms. Tolomei's work was controlled by Defendants, and her tasks were assigned to her by her supervisors, Defendant GABRIEL and Defendants' agent, Irena.

    f.        Defendants had discretion over when and how long Ms. Tolomei worked.

    g.        The type of work Ms. Tolomei performed, that is, restoring art objects, was an integral part of the regular business of Defendant HESS RESTORATIONS.

    h.        Defendants retained the right to discharge Ms. Tolomei.

20.        On or about September 22, 2022, Defendant GABRIEL terminated Defendants' engagement with Plaintiff.

21.        Shortly before terminating the engagement, instead of paying Ms. Tolomei for the hours she had worked, Defendant GABRIEL offered her $400, significantly less than the approximately $5655 Defendants owed her. Defendant GABRIEL eventually withdrew even that paltry offer.

22.        When Ms. Tolomei insisted on collecting what was owed to her, Defendant GABRIEL attempted to intimidate her by disparaging her work and threatening to badmouth her to others in her industry in order to prevent her from obtaining other work.

23. Defendant GABRIEL told Ms. Tolomei that she would be laughed out of court if she pursued legal action to recover what was due to her because Defendants' agreement with Ms. Tolomei was not in writing and her engagement with Defendant's had merely been a "trial period."

24. Defendant GABRIEL threatened, intimidated, harassed, and retaliated against Ms. Tolomei because she attempted to exercise her right to recover the amounts owed to her for the work she performed for Defendants.

25. To date, Defendants have not compensated Plaintiff for any of the hours she worked for Defendants.

26. In total, Defendants owe Plaintiff compensation for 87 hours worked.

27. Instead, Defendants offered to compensate Plaintiff for only 6.15 hours worked and then withdrew the offer to compensate her at all.

28. Plaintiff has suffered significant financial hardship as a result of Defendants' actions.

## FIRST CAUSE OF ACTION
### Violation of the FLSA
### (Failure to Pay Minimum Wage)

29. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

30. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff was not exempt from the requirement that Defendants pay her the prevailing minimum wage under the FLSA. 29 U.S.C. § 206 (a)(1).

31. Defendants did not pay Plaintiff the prevailing minimum wage for any hours worked. As a result of their failure to pay Plaintiff the prevailing minimum wage for all hours

worked, Defendants violated the FLSA.

32. Plaintiff did not receive her paychecks on the prescribed paydays.

33. Because the employer failed to pay wages on the regular payment date, Plaintiff is entitled to liquidated damages. See United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 491 (2nd Cir. 1960); Arroyave v. Rossi, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

34. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

35. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evidencing Defendants' lack of good faith.

36. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

37. Defendants' violations of the FLSA have significantly damaged Plaintiff and entitle her to recover the total amount of her unpaid minimum wages, an additional equal amount in liquidated damages, attorneys' fees, costs, and interest. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Violation of the FLSA
### (Retaliation)

38. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

39. Defendants have violated the FLSA by subjecting Plaintiff to unlawful retaliation for her opposition to Defendants' unlawful compensation practices enumerated above.

40. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

41. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of the FLSA, was outrageous and malicious, was intended to injure Plaintiff, and was committed with conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION
### Violation of the NYLL
### (Failure to Pay Minimum Wage )

42. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

43. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff was not exempt from the requirement that Defendants pay her the prevailing minimum wage under the NYLL. NYLL § 652 (1)(b).

44. During Plaintiff's employment with Defendants, Defendants willfully and intentionally failed to pay Plaintiff the prevailing minimum wage for any hours worked for Defendants.

45. As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for any hours worked, Defendants violated the NYLL.

46. By failing to pay her any wages at all for weeks and months at a time, the Defendants made deductions from the wages of Plaintiff other than those authorized under

7

NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10.

47. The foregoing conduct of Defendants constitutes willful violations of the NYLL. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle her to recover the total amount of her unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees, costs, and interest. NYLL §§ 198.1-a and 663(1).

### FOURTH CAUSE OF ACTION
### Violation of the NYLL
### (Failure to Make Timely Payment of Wages)

48. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

49. Defendants failed and refused to pay Plaintiff, "weekly and not later than seven calendar days after the end of the week in which the wages are earned," in violation of NYLL § 191(1)(a).

50. Pursuant to NYLL § 191(2), "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section."

51. Pursuant to NYLL § 191(3), "If employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section."

52. Due to Defendants' NYLL violations, Plaintiff has been damaged in an amount as yet undetermined and is entitled to liquidated damages, reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### Violation of the NYLL
### (Unlawful Deduction of Wages)

53. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

54. Defendants unlawfully made deductions from Plaintiff's wages in violation of

NYLL § 193.

55. Defendants' unlawful deductions from Plaintiff's wages were willful within the meaning of NYLL § 663.

56. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants all unlawful wage deductions, together with liquidated damages, as well as attorneys' fees and costs, and interest.

### SIXTH CAUSE OF ACTION
### Violation of the NYLL
### (Failure to Comply with Notice and Record-Keeping Requirement)

57. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

58. Defendants failed to supply Plaintiff notice as required by NYLL § 195(1)(a), in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

59. Defendants failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the

number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

60. Due to Defendants' violations of NYLL § 195(1)(a), for each work day that Defendants failed to provide a proper wage notice at the time of hiring from September 7, 2022 through September 22, 2022, Plaintiff is entitled to damages of $50, or a total of $800, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

61. Due to Defendants' violations of N.Y. Lab. Law § 195(3), for each work day that Defendants failed to provide a proper wage statement from September 7, 2022 through September 22, 2022, Plaintiff is entitled to damages of $250 per day, or a total of $4,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**Violation of the NYLL**
**(Retaliation)**

62. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

63. Defendants have violated the NYLL by subjecting Plaintiff to unlawful retaliation for her opposition to Defendants' unlawful compensation practices enumerated above.

64. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## EIGHTH CAUSE OF ACTION
### (Breach of Contract)

65. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

66. Defendants entered into a binding oral agreement with Plaintiff to compensate for services rendered.

67. The agreement was supported by valuable consideration and Plaintiff provided adequate performance of the agreement.

68. Defendants intentionally breached the agreement by failing to pay Plaintiff the amounts due under the terms of the agreement.

69. As a result of the breach, Plaintiff has suffered and continues to suffer pecuniary damages.

70. Accordingly, Defendants are liable for breach of contract.

71. Plaintiff is entitled to actual, compensatory, and expectation damages resulting from the breach of the agreement.

## NINTH CAUSE OF ACTION
### (Quantum Meruit)

72. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

73. Plaintiff performed services in good faith for Defendants.

74. Defendants accepted the services rendered by Plaintiff.

75. Plaintiff had an expectation of compensation for the services rendered to Defendants and proof of the reasonable value of those services.

76. By their actions, stated above, Defendants wrongfully failed to pay Plaintiff the reasonable value of the services performed for Defendants.

77. Accordingly, Defendants are liable to Plaintiff for quantum meruit.

78. Plaintiff is entitled to the reasonable value of the services performed for Defendants plus interest.

**TENTH CAUSE OF ACTION**
**(Unjust Enrichment)**

79. Plaintiff repeats and reasserts the foregoing allegations as though fully set forth herein.

80. Defendants were unjustly enriched at Plaintiff's expense by services performed by Plaintiff for Defendants.

81. The circumstances between Plaintiff and Defendants are such that it is against equity and good conscience to permit Defendants to retain what Plaintiff seeks to recover.

82. Plaintiff is entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants plus interest.

**WHEREFORE,** Plaintiff respectfully requests the following relief from this Court:

a. A declaration that the practices complained of herein are unlawful under applicable federal, state, and city law;

b. Wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

c. Wages and liquidated damages permitted by law pursuant to the NYLL;

d. Statutory damages for Defendants' violations of the notice and recordkeeping requirements pursuant to NYLL § 195, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided by NYLL § 198;

e. An order and judgment awarding Plaintiff attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663, NYLL § 198, and other applicable statutes;

    f. actual, compensatory, and expectation damages resulting for breach of the agreement and specific performance of the agreement;

    g. reasonable value of the services that Plaintiff performed for Defendants plus interest;

    h. an amount equal to benefits unjustly retained by Defendants plus interest;

    i. pre-judgment interest and post-judgment interest as provided by law; and

    j. such other relief as this Court shall deem just and proper.

Dated: Brooklyn, New York  
       January 4, 2023

                                           **DOLCE LAW PLLC**

                                           _____  
                                           Wendy Dolce  
                                           *Attorneys for Plaintiff*  
                                           44 Court Street, Suite 1217  
                                           Brooklyn, New York 11201  
                                           Telephone: (718) 571-9162  
                                           Facsimile: (718) 571-9164  
                                           Email: wendy@dolcelaw.com