# MARCUS A. NUSSBAUM, ESQ.

Attorney & Counselor-at-Law  
\* Admitted in NY, NJ and PA

3059 Brighton 7th Street, Fl. 1  
Brooklyn, NY 11235  
Tel.: (201) 956-7071  
Fax : (347) 572-0439  
https://marcusnussbaum.com/  
Email: marcus.nussbaum@gmail.com

July 10, 2023

**VIA EMAIL**  
Levin-Epstein & Associates, P.C.  
60 East 42nd Street, Suite 4700  
New York, NY 10165  
Attn: Joshua Levin-Epstein, Esq.  
Attn: Jason Mizrahi, Esq.

**Re:**   *Julia Tolomei v. Hess Restorations Inc. et al.*

Dear Counsel:

Please be advised that I represent Hess Restorations Inc. and Lada Gabriel a/k/a Lada Sultanova (incorrectly spelled in your purported "Pre-Litigation Demand Letter" as Lada *Saltanova*). I write in response to your letter of June 28, 2023, as well as in regard to the already settled litigation in the U.S. District Court for the Southern District of New York, captioned as *Tolomei v. Hess Restorations, Inc. et al.* (U.S.D.C. – S.D.N.Y. Docket No.: 1:23-cv-00052-JPO), which your client has now attempted to revive from the dead by proceeding with further meritless and frivolous litigation regarding claims already settled and released by her.

As stated in your letter of June 28, 2023 and in the unfiled draft complaint provided by your office, it appears that your client mistakenly believes that she has the right to proceed with a "…lawsuit seeking declaratory relief, compensatory damages, and punitive damages for gender discrimination under Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a), New York State Executive Law § 296 et seq., and the Administrative Code of the City Of New York §8-502(a) and §8-107 et seq…" arising from her *alleged* employment with Hess Restorations Inc. and termination therefrom.

During my brief phone call with Mr. Mizrahi on June 28, 2023, I was advised that your office is already in possession of the Court approved Settlement Agreement which resolved the above-mentioned matter(s) and which I enclose here again for your reference. As you are aware, the clear and unambiguous language in the Settlement Agreement precludes your client from bringing the very claims which she now nevertheless elects to proceed forward with, in litigation which will undoubtedly result in the imposition of sanctions against your client and your law firm.

**Re:**   *Julia Tolomei v. Hess Restorations Inc. et al.*
July 10, 2023
Page 2 of 2

In the first instance, paragraph "7" of the Settlement Agreement contains a release whereby your client released Hess Restorations Inc. and Lada Gabriel a/k/a Lada Sultanova from any and all claims:

> "***arising out of Plaintiff's work for Gabriel and Hess, or separation therefrom***, including but not limited to any claims for unpaid overtime, unpaid minimum wage, and claims for failure to maintain and/or provide wage records pursuant to the New York Labor Law § 195, ***retaliation and discrimination***…"

Second, as you are aware, paragraph "10" of the Settlement Agreement contains a covenant not to sue where your client:

> "…promises and agrees not to institute or to have instituted on her behalf any lawsuit or claim against Defendants, other than the Action, *with respect to any alleged acts **relating** to the claims raised in the Action*, occurring before the effective date of the Agreement."

Third, pursuant to paragraph "13" of the Settlement Agreement, your client acknowledged that she:

> "is, through this Agreement, releasing Defendants and Releasees from the claims that Plaintiff may have against them ***relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants***…"

Fourth, pursuant to paragraph "14(c)" of the Settlement Agreement, the substantially prevailing party in any action or proceeding brought by reason of the Agreement shall be entitled to recover all reasonable attorney's fees and costs of litigation.

In closing, while the undersigned did not go to law school for purposes of interfering with another attorney's livelihood, my clients are regrettably left with no choice but place your client and your law firm on formal notice that the filing and service of your client's draft Complaint and her further attempt to relitigate claims already settled and released will result in the immediate filing of a Motion to Dismiss, together with service of a copy of an unfiled Motion for Sanctions pursuant to Fed. R. Civ. P. 11., as well as an application for attorneys' fees and other appropriate relief from the Court.

Please be guided accordingly.

Very truly yours,

/s/ Marcus Aurelius Nussbaum
Marcus A. Nussbaum, Esq.

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

AGREEMENT made as of this 13th day of March, 2023 between Plaintiff Julia Tolomei ("Plaintiff"), having an address at 317 West 22 Street, Apt 2B, New York, NY 10011, and defendants Hess Restorations, Inc. and Lada Gabriel a/k/a Lada Sultanova, having an address at 526 West 26th Street, Ste. 602, New York, NY 10001, jointly and severally ("Gabriel and Hess" or "Defendants"). Plaintiff and Defendants are also collectively referred to herein as the "Parties".

## RECITALS

A. Gabriel and Hess are the owners and operators of an antique restoration service. Plaintiff alleges that she worked for Defendants for a little less than one month as a restorer at Defendants' studio in New York, New York.

B. In January of 2023, Plaintiff filed a lawsuit in the U.S. District Court for the Southern District of New York, captioned as *Tolomei v. Hess Restorations, Inc. et al.* (U.S.D.C. – S.D.N.Y. Docket No.: 1:23-cv-00052-JPO), alleging, *inter alia*, that Gabriel and Hess violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to: a) pay Plaintiff any wages at all; b) pay Plaintiff minimum wage; c) provide the appropriate wage notices; and d) retaliated against Plaintiff (the "Action").

C. Defendants Gabriel and Hess have denied the allegations of Plaintiff in the Action.

D. On March 3, 2023, the parties were independently able to come to an agreement to settle and resolve any and all issues and disputes between them, whether actual or potential, that may or could arise from or relate to the Plaintiff's alleged employment with Gabriel and Hess and the factual allegations as set forth in the complaint filed by Plaintiff in the Action and the counterclaim filed by Defendants.

NOW THEREFORE, in consideration of the mutual promises and covenants herein contained, and for other good and valuable consideration, the parties agree as follows:

## AGREEMENT

1. ***Recitals Incorporated***.

    The Recitals are incorporated herein by reference, are material terms of this Agreement, and are acknowledged by the parties to be true.

2. ***Court Approval.***

    This Agreement is subject to, and contingent upon, the Court's approval of the settlement reflected in this Agreement and the with-prejudice dismissal of the Action. If the Court does not approve the settlement reflected in this Agreement and dismiss the Action with prejudice, the Parties will make all good faith efforts to resolve the

1

objections raised by the Court, and if the Parties are unable to resolve the objections after good-faith consultation, this Agreement shall be null and void. The Parties shall cooperate in the preparation and filing of all documents that may be necessary for the Court to approve the Parties' settlement and dismiss the Action with prejudice. The Parties shall file all documents necessary for the Court to approve the Parties' settlement and dismiss the Action with prejudice.

3. *No Admission.*

The Parties have entered into this Agreement to resolve disputed claims, and neither this Agreement's existence, nor its content, shall be considered an admission by any Party of the accuracy or truth of any allegations in the Action. Gabriel and Hess deny the allegations presented by plaintiff in the Action and deny any and all wrongdoing. Neither this Agreement, nor anything contained in it, shall be admissible in any proceeding as evidence of any admission by Gabriel and Hess of any violation of any policies or procedures or of any federal, state, or local statute, regulation, or ordinance.

4. *Settlement Sum*.

In exchange for and in consideration of the covenants and promises herein contained, including the mutual release of all rights, claims and/or obligations by or between the parties, Gabriel and Hess agree to pay, and Plaintiff agrees to accept, the sum of Ten Thousand US ($10,000.00) Dollars (the "Settlement Sum").

   a. The Settlement Sum consists of the following amounts:

      i. Four Thousand Dollars ($4,000.00), which represents attorneys' fees.

      ii. Five Hundred Nineteen Dollars ($519.00) which represents costs incurred by Plaintiff; and

      iii. Two Thousand Seven Hundred Fifty Dollars and Fifty Cents ($2750.50) as compensation for work allegedly completed by plaintiff. For this sum, Hess will issue to plaintiff an IRS Form 1099-NEC.

      iv. Two Thousand Seven Hundred Fifty Dollars and Fifty Cents ($2750.50) as liquidated damages. For this sum, Hess will issue to plaintiff an IRS Form 1099-MISC with Box 3 selected

      v. Plaintiff and Plaintiff's counsel shall provide updated and completed IRS Forms W-9 to counsel for Gabriel and Hess within three (3) days of Plaintiff's submission and filing of this Settlement Agreement for judicial approval.

   b. The Settlement Sum shall be paid as follows:
      i. Five thousand four hundred eighty-one dollars ($5481.00) in a lump sum (by check made payable to "Julia Tolomei")

2

      ii. Four thousand five hundred nineteen dollars ($4519.00) in a lump sum (by check made payable to "Dolce Law PLLC"). For this sum, Hess will issue to Dolce Law PLLC an IRS Form 1099-MISC with Box 10 selected.

      iii. Both checks representing the Settlement Sum shall be delivered to Dolce Law PLLC, 44 Court Street, Suite 1217, Brooklyn, New York 11201 via overnight courier within fourteen (14) days of the Court's approval of this Settlement Agreement and the filing of a Stipulation of Dismissal with Prejudice.

   c. Plaintiff expressly acknowledges and warrants that they are, and shall be, responsible for all federal, state, and local tax liabilities attributable to them that may result from the payments under this Agreement, and Plaintiff hereby warrants that Defendants shall bear no responsibility for any such tax liabilities.

5. ***Default.***

In the event payment of any amount of the Settlement Sum then due is not paid on its respective due date, attorneys for Plaintiff may serve a written notice of default ("Default Notice") upon counsel for Defendants via electronic mail, to marcus.nussbaum@gmail.com. Defendants shall have seven (7) days from the date of the delivery of the Default Notice to cure the default by making such payment. Defendants' failure to make such a payment within those seven (7) days shall be considered a "Default" under the terms of this Agreement and plaintiff may thereafter seek the Court's intervention to enforce the agreement.

6. ***Stipulation of Dismissal with Prejudice***.

After court approval of this Agreement and upon completion of execution and delivery of this Agreement, counsel for the Parties shall file a Stipulation and Order of Dismissal with Prejudice and request that the Court dismiss with prejudice plaintiff's Complaint. The Parties agree to submit any papers to the Court that are necessary to effectuate the dismissal of the action and/or the full and effective release of all claims released herein; however, the Court shall retain jurisdiction to enforce the terms of this Agreement.

7. ***Mutual Releases***.

   a. Plaintiff hereby absolutely and irrevocably releases and discharges Gabriel and Hess, and their respective shareholders, directors, officers, employees, agents, attorneys, successors and assigns (collectively, the "Company Releasees"), from any and all suits, claims, demands, damages, debts, dues, sums of money, accounts, covenants, contracts, administrative complaints, warranties, costs, expenses, liabilities, controversies, agreements, premises, variances, trespasses, actions, or causes of action of any kind, nature, character and description whatsoever, discovered or undiscovered, known or unknown, patent or latent, in law or in equity, in which Plaintiff now owns or holds, or has at any time

3

    heretofore owned or held against Gabriel and Hess arising out of Plaintiff's work for Gabriel and Hess, or separation therefrom, including but not limited to any claims for unpaid overtime, unpaid minimum wage, and claims for failure to maintain and/or provide wage records pursuant to the New York Labor Law § 195, retaliation and discrimination, except for matters arising out of or pertaining to the performance of this Agreement. Without limiting the foregoing and for purposes of clarification, the covenants set forth in paragraphs 4 and 5 are ongoing and not intended to be covered by this release.

    b. Gabriel and Hess, and their successors and assigns hereby absolutely and irrevocably release and discharge Plaintiff, her attorneys, successors and assigns, from any and all suits, claims, demands, damages, debts, dues, sums of money, accounts, covenants, contracts, administrative complaints, warranties, costs, expenses, liabilities, controversies, agreements, premises, variances, trespasses, actions, or causes of action of any kind, nature, character and description whatsoever, discovered or undiscovered, known or unknown, patent or latent, in law or in equity, in which Gabriel and Hess now own or hold, or have at any time heretofore owned or held against Plaintiff, related to Plaintiff's work for Gabriel and Hess or separation therefrom. Nothing contained herein shall preclude Defendants and/or Plaintiff from asserting any claim for matters arising out of or pertaining to the performance of this Agreement. Without limiting the foregoing and for purposes of clarification, the covenants set forth in paragraphs 4 and 5 are ongoing and not intended to be covered by this release.

8. *Attorneys' Fees.*

Except as otherwise specifically set forth herein, Plaintiff and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation, including the fees, costs and disbursements incurred in negotiating and preparing this Agreement and obtaining the dismissal of the Action with prejudice. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

9. *Important Acknowledgments.*

Plaintiff acknowledges that she was represented by counsel of her choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that she had sufficient opportunity to consider this Agreement, has reviewed the terms of this Agreement, had the opportunity to confer with her legal counsel, Dolce Law PLLC, in order to obtain advice with respect to the terms of this Agreement, had the opportunity to consider their legal counsel's advice with respect to the Agreement, fully understands the terms of the Agreement, is entering into this Agreement of her own free will and accord after consultation with legal counsel, and is signing the Agreement knowingly and voluntarily.

It is understood and agreed that the Settlement Sum and the other good and valuable consideration provided for herein are not a mere recital but are the consideration for this Agreement and all terms herein, including the full and final release effected thereby. The Parties represent and warrant that this Agreement, including the monies received by Plaintiff and referenced herein, is a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked. The Parties represent and warrant that the Settlement Sum is fair and reasonable. The Parties represent and warrant that the attorneys' fees portion of the Settlement Sum is fair and reasonable.

10. *No lawsuits or claims.*

Plaintiff promises and agrees not to institute or to have instituted on her behalf any lawsuit or claim against Defendants, other than the Action, with respect to any alleged acts relating to the claims raised in the Action, occurring before the effective date of the Agreement. Defendants promise and agree not to institute or to have instituted on their behalf any lawsuit or claim against Plaintiff, other than the counterclaim in the Action, with respect to any alleged acts relating to the counterclaim raised in the Action, occurring before the effective date of the Agreement.

11. *No Disputes pending or assigned by the Plaintiff or the Defendants.*

Plaintiff represents that she does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute relating to the claims raised in the instant litigation against Gabriel and Hess, either individually or jointly, other than the Action. Defendants represent that they do not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute relating to the counterclaim raised in the instant litigation against Plaintiff, either individually or jointly, other than the Action.

12. *Translation.*

The Plaintiff acknowledges that she has received a copy of the Agreement in her regularly spoken language.

13. *Knowing and Voluntary Release of Claims.*

Plaintiff acknowledges that she:

A. has carefully read and fully understands all of the provisions of this Agreement;

B. understands that all of the consideration that she is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause her to sign it.

5

C. is, through this Agreement, releasing Defendants and Releasees from the claims that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

D. knowingly and voluntarily agree to all of the terms set forth in this Agreement;

E. knowingly and voluntarily intend to be legally bound by this Agreement;

F. was advised to consult with counsel, and, in fact, has consulted with counsel, prior to executing this Agreement;

G. is signing this Agreement knowingly, voluntarily, and without any coercion or duress;

H. is duly authorized and has full authority to execute this Agreement;

I. has not previously transferred, assigned or conveyed any right or claim released in this Agreement;

Defendants acknowledge that they:

A. have carefully read and fully understand all of the provisions of this Agreement;

B. understand that all of the consideration that they are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause them to sign it.

C. is, through this Agreement, releasing Plaintiff from the claims that Defendants may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

D. knowingly and voluntarily agree to all of the terms set forth in this Agreement;

E. knowingly and voluntarily intend to be legally bound by this Agreement;

F. were advised to consult with counsel, and, in fact, has consulted with counsel, prior to executing this Agreement;

G. are signing this Agreement knowingly, voluntarily, and without any coercion or duress;

H. are duly authorized and have full authority to execute this Agreement;

I. have not previously transferred, assigned or conveyed any right or claim released in this Agreement;

14. *General Provisions*.

   a. This Agreement contains all of the agreements, understandings, conditions, warranties, and covenants made between the parties, whether oral or written, and, except as expressly set forth therein to the contrary, it may not be altered, modified, terminated, or discharged except by a writing signed by the party against whom such alteration, modification, termination or discharge is sought. None of the terms of this agreement can be waived or modified or terminated except by an express agreement, in writing, signed by the parties. The failure of either party hereto to enforce, or the delay by either party in enforcing any of its rights under this Agreement shall not be deemed a continuing waiver or a modification thereof and either party may, within the time provided by applicable law, commence appropriate proceedings to enforce any or all of such rights.

   b. This Agreement shall be binding upon, and shall inure to the benefit of the parties hereto and their respective heirs, successors and assigns.

   c. This Agreement and the rights and obligations created thereby between the parties shall be governed by and construed in accordance with the Laws of the State of New York including matters of construction and performance. Venue of any action or proceeding brought by reason of this Agreement shall be solely in the United States District Court for the Southern District of New York. The substantially prevailing party in any action or proceeding brought by reason of this Agreement shall be entitled to recover all reasonable attorney's fees and costs of litigation.

   d. This Agreement contains the entire understanding of the parties and any promises or representations not herein contained shall have no force and effect, unless in writing and duly signed by the party to be charged and expressly stated therein to survive execution of this Agreement. All other agreements, representations, or understandings between or among the parties are merged herein and are null and void except as herein contained. Each party specifically represents and warrants that he has not relied on any written or oral statement or representation made by another party prior to executing this Agreement, either pertaining to the terms and conditions of this Agreement, the Premises or otherwise, and each party represent and warrants to the other that he has relied on his own due diligence in investigating and ascertaining all relevant and material facts and circumstances prior to executing this Agreement, has had the opportunity to and did consult with his, her or its attorney regarding the terms and conditions of this Agreement, and has executed this Agreement relying solely thereon.

7

IN WITNESS WHEREOF the parties hereto have executed this Agreement as of the day and year first above written.

_____  
Hess Restorations, Inc.  
By: Lada Gabriel, President

_____  
Lada Gabriel, Individually

_____ 3/13/2023  
Julia Tolomei

8