

Marcus Nussbaum <marcus.nussbaum@gmail.com>

## Julia Tolomei v. Hess Restorations Inc. et al

**Jason Mizrahi** <Jason@levinepstein.com>                                                              Mon, Apr 15, 2024 at 1:46 PM
To: Marcus Nussbaum <marcus.nussbaum@gmail.com>
Cc: Joshua Levin-Epstein <Joshua@levinepstein.com>, "info@hessrestorations.com" <info@hessrestorations.com>

Marcus,

Kindly advise on your availability for a phone call on this case today or tomorrow.

Thank you.

_____

Jason Mizrahi, Esq.

Levin-Epstein & Associates, P.C.

60 East 42nd Street, Suite 4700

New York, NY 10165
Office: (212) 792-0048
Mobile: (301) 758-7351
Facsimile: (646) 786-3170
Email: Jason@levinepstein.com

*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited,  kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies.  Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

[Quoted text hidden]

  Marcus Nussbaum <marcus.nussbaum@gmail.com>

## Julia Tolomei v. Hess Restorations Inc. et al

**Jason Mizrahi** <Jason@levinepstein.com>  Wed, Apr 17, 2024 at 5:40 PM
To: Marcus Nussbaum <marcus.nussbaum@gmail.com>
Cc: Joshua Levin-Epstein <Joshua@levinepstein.com>, "info@hessrestorations.com" <info@hessrestorations.com>

Marcus,

Following up here.

[Quoted text hidden]



Marcus Nussbaum <marcus.nussbaum@gmail.com>

## Julia Tolomei v. Hess Restorations Inc. et al

**Jason Mizrahi** <Jason@levinepstein.com>   Thu, Jun 13, 2024 at 1:03 PM
To: Marcus Nussbaum <marcus.nussbaum@gmail.com>
Cc: Joshua Levin-Epstein <Joshua@levinepstein.com>, "info@hessrestorations.com" <info@hessrestorations.com>

<u>Confidential Settlement Communication – Subject to FRE 408</u>

Hi Marcus,

I am following up here.

If we do not hear from you, then we will conclude that your client is not interested in resolving this matter, before the filing of a federal complaint.

If your client is interested in discussing a potential resolution prior to litigation, please contact me.

Office: (212) 792-0048
Mobile: (301) 758-7351

Thank you,

[Quoted text hidden]
[Quoted text hidden]



**2023-0628 Complaint.pdf**
119K



Marcus Nussbaum <marcus.nussbaum@gmail.com>

## Julia Tolomei v. Hess Restorations Inc. et al

**Jason Mizrahi** <Jason@levinepstein.com>  Wed, Jun 19, 2024 at 3:21 PM
To: Marcus Nussbaum <marcus.nussbaum@gmail.com>
Cc: Joshua Levin-Epstein <Joshua@levinepstein.com>, "info@hessrestorations.com" <info@hessrestorations.com>

Confidential Settlement Communication – Subject to FRE 408

Hi Marcus,

I am following up here, again.

Please let me know when you are available to continue our conversation.

[Quoted text hidden]

📎 **2023-0628 Complaint.pdf**
119K

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Julia Tolomei,

                      *Plaintiff*,        Case No.:

       - *against* -        **Jury Trial Demanded**

Hess Restorations Inc., and Lada Gabriel a/k/a        **COMPLAINT**
Lada Saltanova,

                    *Defendants*.
-------------------------------------------------------------X

Plaintiff Julia Tolomei ("Plaintiff" or "Tolomei"), by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., brings this complaint against Defendant Hess Restorations Inc., (the "Corporate Defendant") and Lada Gabriel a/k/a Lada Saltanova (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking declaratory relief, compensatory damages, and punitive damages for gender discrimination under Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a), New York State Executive Law § 296 *et seq*., and the Administrative Code of the City Of New York §8-502(a) and §8-107 *et seq*.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JULIA TOLOMEI**

5. Plaintiff Tolomei was employed as a conservator / art restoration specialist at Defendants' art restoration studio located at 526 West 26th St., Room #602, New York, NY 10001, known as "Hess Restorations" from on or around September 6, 2022 to, through and including, September 22, 2022.

6. Plaintiff Tolomei was employed as a non-managerial employee at Hess Restorations from on or around September 6, 2022 to, through and including, September 22, 2022

7. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

8. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT HESS RESTORATIONS INC.**

9. Upon information and belief, Defendant Hess Restorations Inc. is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 3201 University Dr., 4th Floor, Auburn Hills, MI 48326.

10. At all times relevant to this Complaint, Defendant Hess Restorations Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and

2

services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. At all times relevant to this Complaint, Defendant Hess Restorations Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12. At all times relevant to this Complaint, Defendant Hess Restorations Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

13. Defendant Hess Restorations Inc. possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

14. Defendant Hess Restorations Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT LADA GABRIEL A/K/A LADA SALTANOVA**

15. Defendant Lada Gabriel a/k/a Lada Saltanova is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

16. Defendant Lada Gabriel a/k/a Lada Saltanova is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

17. Defendant Lada Gabriel a/k/a Lada Saltanova possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

18. Defendant Lada Gabriel a/k/a Lada Saltanova determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

19. At all times relevant to this Complaint, Defendant Lada Gabriel a/k/a Lada Saltanova was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

20. Defendants own, operate and/or control the Hess Restorations.

21. The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

24. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff.

26. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

27. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange

for Plaintiff's services.

## FACTUAL ALLEGATIONS

28. Plaintiff has a female gender identity.

29. Plaintiff has a feminine gender expression.

30. Plaintiff is a transgender woman.

31. Plaintiff is a graduate of the Fashion Institute of Technology where she earned a Bachelor's degree in Restoration in 1999

32. Plaintiff is an accomplished and experienced conservator / art restoration specialist.

33. Plaintiff was employed as a conservator / art restoration specialist at Hess Restorations, from on or around September 6, 2022 until her unlawful termination on or around September 22, 2022.

34. After an extensive interview process during which Plaintiff submitted her resume and photographs of her previous work, on or about September 6, 2022, Defendants engaged Plaintiff to do the highly skilled work of a conservator / art restoration specialist.

35. From September 6, 2022 until her unlawful termination on or around September 22, 2022, Plaintiff performed her duties and responsibilities satisfactorily.

36. Throughout this period, the Individual Defendant would constantly make unwelcomed and harassing remarks to Plaintiff and Plaintiff's co-workers.

37. Specifically, the Individual Defendant would routinely refer to African-Americans as "monkeys".

38. In one instance, the Individual Defendant remarked that "black people always harass me on the train."

39. In another instance, the Individual Defendant remarked that "there are too many black people in Brooklyn."

40. In another instance, the Individual Defendant referred to Eric Adams as a "monkey in a suit."

41. In another instance, the Individual Defendant referred to rap music as a "monkey music."

42. On September 21, 2022, Defendants' client, Sacha, visited Defendants' studio at 526 West 26th St., Room #602, New York, NY 10001.

43. Upon information and belief, Sacha is a longstanding client of Defendants' Defendants' art restoration studio.

44. During Sacha's visit, on September 21, 2022, Sacha approached Plaintiff, who was wearing a mask.

45. Plaintiff, upon removing her mask to converse with Sacha, noticed that Sacha was startled.

46. Sacha, upon seeing Plaintiff removing her mask to converse him, realized that Plaintiff was transgender, was visibly disgusted.

47. The following day, on or around September 22, 2022, Plaintiff returned to work at Hess Restorations.

48. When she returned to work, the Individual Defendant tasked Plaintiff to restore one (1) specific piece, *to wit*: a blue-and-white crackled, 17th century chamber pot.

49. In the middle of the day, on September 22, 2022, Defendants unlawfully terminated Plaintiff's employment, on the false pretext that Plaintiff's restoration of the blue-and-white crackled, 17th century chamber pot was unsatisfactory.

50. In reality, Defendants unlawfully terminated Plaintiff on the basis of her gender expression, and gender identity.

## FIRST CLAIM
## (Violation of Title VII, 42 U.S.C. §2000e-2(a) and §2000e-3(a))

51. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. Plaintiff is a member of a protected category, *i.e.*, sex and/or gender, including gender expression, sex stereotyping and gender identity.

53. Plaintiff was terminated by Defendants because of her membership in a protected category.

54. Plaintiff's membership in a protected category was a motivating factor in her termination.

55. By the actions described, Plaintiff was deprived of her rights secured by Title VII, *i.e.*, 42 U.S.C. §2000e-2(a) and §2000e-3(a), including, but not limited to her right to be free from discrimination based on gender.

56. Plaintiff was subjected to gender discrimination that created an intimidating, hostile and offensive working environment.

57. That such harassment was severe and pervasive

58. That the Individual Defendant was in a position to and did adversely affect the terms and conditions of Plaintiff's employment.

59. As a consequence thereof, Plaintiff has been injured.

## SECOND CLAIM
### (Violation of New York State Executive Law § 296 *et seq*.)

60. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

61. By the actions described, Plaintiff was deprived of her rights secured New York State Executive Law §296 *et seq*., including, but not limited to her right to be free from discrimination based on her gender.

62. Plaintiff was subjected to gender discrimination that created an intimidating, hostile and offensive working environment.

63. That such harassment was severe and pervasive.

64. That the Individual Defendant was in a position to and did adversely affect the terms and conditions of Plaintiff's employment.

65. The Corporate Defendant knew of and disregarded the Individual Defendant's propensity to harass and annoy other Hess Restorations employees based on gender.

66. As a consequence thereof, Plaintiff has been injured.

## THIRD CLAIM
### (Violation of The Administrative Code of the City Of New York §8-502(a) and §8-107 *et seq*.)

67. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68. By the actions described, Plaintiff was deprived of her rights secured by New York City Administrative Code §8-502(a) and §8-107 *et seq*. including, but not limited to her right to be free from discrimination based on her gender, free from sexual harassment and freedom from retaliation for complaining about sexual discrimination.

69. Plaintiff was subjected to sexual discrimination that created an intimidating, hostile

8

and offensive working environment.

70. That such harassment was severe and pervasive.

71. The Individual Defendant was in a position to and did adversely affect the terms and conditions of Plaintiff's employment.

72. The Corporate Defendant knew of and disregarded the Individual Defendant's propensity to harass and annoy other Hess Restorations employees based on gender and sex.

73. As a consequence thereof, Plaintiff has been injured.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants violated Plaintiff's right under Title VII, *i.e.,* , 42 U.S.C. §2000e-2(a) and §2000e-3(a);

b. declaring that Defendants violated Plaintiff's right under New York State Executive Law §296 *et seq*.

c. declaring that Defendants violated Plaintiff's right under New York City Administrative Code §8-502(a) and §8-107;

d. awarding Plaintiff compensatory damages in an amount to be determined at trial;

e. by reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

f. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action under 42 U.S.C. §2000e-5K and the New York City Administrative Code §8-502(f); and

g. Such other relief as this Court deems just and proper.

Dated: New York, New York
      June 28, 2023                       Respectfully submitted,

                                          By: /s/ Joshua Levin-Epstein
                                                Joshua Levin-Epstein
                                                Jason Mizrahi

>                                             Levin-Epstein & Associates, P.C.
>                                             60 East 42nd Street, Suite 4700
>                                             New York, New York 10165
>                                             Tel: (212) 792-0046
>                                             Email: Joshua@levinepstein.com
>                                             *Attorneys for the Plaintiff*