# MARCUS A. NUSSBAUM, ESQ.

---

Attorney & Counselor-at-Law
* Admitted in NY, NJ and PA

3059 Brighton 7th Street, Fl. 1
Brooklyn, NY 11235
Tel.: (201) 956-7071
Fax : (347) 572-0439
https://marcusnussbaum.com/
Email: marcus.nussbaum@gmail.com

May 23, 2025

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   *Julia Tolomei v. Hess Restorations Inc. et al.*
       Docket No.: 1:23-cv-00052-JPO

Dear Honorable Judge Oetken:

As Your Honor may recall, I represent defendants Hess Restorations Inc. and Lada Gabriel a/k/a Lada Sultanova ("defendants") in this now long-settled matter. I write in brief reply to Plaintiff Julia Tolomei's letter dated July 29, 2024 (Plaintiff's Response) submitted in response to this Court's Order to Show Cause of July 9, 2024. Plaintiff's Response utterly fails to address, let alone rebut the key legal and factual issues raised in Defendants' June 30, 2024 letter to the Court. Indeed, Plaintiff offers no argument why the Settlement Agreement and Mutual Release (the "Settlement Agreement") in this case should not be enforced, no explanation as to how her new claims are not squarely barred by the release and covenant not to sue she agreed to, and no answer to the fact that she did not follow the required procedures or timelines for bringing a Title VII claim. Instead, Plaintiff's submission consists of frivolous and incoherent contentions that lack any legal merit. We respectfully urge the Court to reject Plaintiff's baseless attempt to relitigate a settled case, and to grant Defendants leave to seek appropriate injunctive relief, enforcement of the settlement, sanctions, and attorneys' fees.

In the first instance, Plaintiff's July 29 letter does not meaningfully engage with the issues before the Court. Rather than opposing Defendants' points, Plaintiff recites irrelevant legal citations and conclusory assertions that do nothing to undermine the enforceability of the Settlement Agreement or to justify her effort to revive this long-closed matter. For example, in Point I of her letter, Plaintiff strings together citations and general legal platitudes that have no apparent relevance to the question at hand, and she offers no factual analysis whatsoever to counter Defendants' position. Similarly, in Points III and IV of her Response, Plaintiff mischaracterizes the holding of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and completely ignores this Court's Order of March 27, 2023, which approved the parties' settlement and dismissed this action with prejudice. These sections of Plaintiff's letter are muddled and devoid of pertinent authority, rendering her entire Response essentially incoherent. In short, Plaintiff has failed to articulate any coherent legal theory or facts to oppose the relief that Defendants seek.

**Re:**    *Julia Tolomei v. Hess Restorations Inc. et al.*
May 23, 2025
Page 2 of 3

Additionally, over a year ago, the Plaintiff (represented by prior counsel) voluntarily entered into a comprehensive Settlement Agreement with Defendants to resolve this case. That agreement was reviewed and expressly approved by the Court on March 27, 2023, and Plaintiff did not appeal or otherwise challenge the approval. The Settlement Agreement's language is crystal clear in precluding the very discrimination claims Plaintiff now attempts to assert. In Paragraph 7 of the Settlement Agreement (ECF 20-1), Plaintiff agreed to release Defendants from "any and all claims arising out of [Plaintiff's] work for [Defendants], or separation therefrom," including but not limited to claims for unpaid wages, retaliation, and discrimination.

In Paragraph 10 of the Settlement Agreement, Plaintiff gave an unequivocal covenant not to sue, promising not to institute any lawsuit or claim against Defendants (other than the original action) with respect to any acts occurring before the effective date of the Agreement. In Paragraph 13 of the Settlement Agreement, Plaintiff acknowledged that through the Settlement Agreement she was releasing Defendants from all claims relating to her employment or the termination of her employment. These provisions—negotiated and agreed to by Plaintiff—unmistakably encompass the Title VII and related state/local discrimination claims that Plaintiff (with new counsel) is now trying to pursue. Plaintiff's Response offers no credible argument to the contrary. She identifies no ambiguity in the release language, no exception that would save her current claims, and no legal basis whatsoever to ignore the binding Settlement Agreement. Simply put, Plaintiff is bound by her agreement, and her belated attempt to relitigate claims she expressly released is wholly barred.

Further, even if Plaintiff were not precluded by the settlement (and she is), her newly-minted Title VII claims suffer from fundamental procedural and temporal defects. Nowhere in her Response (or in any pleading such as the proposed draft complaint for this frivolous Title VII action) does Plaintiff allege that she filed a charge of discrimination with the Equal Employment Opportunity Commission or received a Notice of Right to Sue – prerequisites for bringing a Title VII lawsuit in federal court. It appears Plaintiff made no effort to comply with these mandatory administrative steps. Moreover, Plaintiff's employment with Defendants ended in September 2022, yet she did not bring these discrimination claims until mid-2024. The deadline to file an EEOC charge (300 days in New York) and to file a timely lawsuit have long since expired. If Plaintiff or her new attorneys believed she had viable discrimination claims, it was incumbent on them to pursue those claims through the proper channels and within the applicable limitations period. They failed to do so. Those omissions are not problems this Court can remedy; rather, they are issues for Plaintiff and her counsel to address elsewhere (if at all, perhaps in a separate legal malpractice context). What they do not constitute is a valid excuse to violate a court-approved settlement and attempt to haul Defendants back into court on released claims.

Additionally, plaintiff's response provides absolutely no legal or factual justification for her attempt to relitigate this settled matter. This case has been resolved for well over a year pursuant to an agreement that Plaintiff entered knowingly and voluntarily. The Court has already approved the settlement and retained jurisdiction to enforce it. Plaintiff's effort to undo that resolution – by asserting claims that she released and by effectively asking the Court to ignore its own prior Order – is improper and in bad faith. There is simply no legitimate reason for the Court to entertain Plaintiff's disregard for a binding settlement. Doing so would undermine the finality of agreements and reward exactly the kind of vexatious conduct that the Settlement Agreement (and the Court's approval thereof) was meant to foreclose. We respectfully submit

**Re:**    *Julia Tolomei v. Hess Restorations Inc. et al.*
May 23, 2025
Page 3 of 3

that Plaintiff's letter only confirms the frivolous nature of her position. The appropriate course is to enforce the existing settlement and prevent any further waste of judicial and party resources on this matter.

In closing, and for all the above reasons, Defendants respectfully renew their request for leave to move for appropriate relief to put an end to Plaintiff's baseless efforts. Specifically, Defendants seek permission to file a motion for: (1) injunctive relief enforcing the Settlement Agreement – including an order permanently enjoining Plaintiff from initiating any further legal proceedings against Defendants based on her employment or termination; (2) enforcement of the settlement through any other measures necessary to secure Plaintiff's compliance with her release and covenant not to sue; (3) sanctions against Plaintiff and her counsel for pursuing this frivolous and prohibited relitigation; and (4) an award of attorneys' fees and costs incurred by Defendants in having to defend against claims that were already settled (as provided by Paragraph 14(c) of the Settlement Agreement and applicable law). Defendants do not make this request lightly; however, Plaintiff's refusal to abide by her obligations under the Settlement Agreement leaves us with no choice but to seek the Court's intervention. We believe that prompt and decisive action by the Court is warranted to uphold the integrity of the prior settlement and to deter any further improper conduct in this case. We appreciate the Court's attention to this matter. Please let us know if Your Honor requires any additional information or briefing. Respectfully submitted,

As always, we thank the Court for its continued courtesy and consideration in this matter.

Very truly yours,

/s/ Marcus Aurelius Nussbaum
Marcus A. Nussbaum, Esq.

cc:    **VIA ECF**
All Counsel of Record

**VIA EMAIL**
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, NY 10165
Attn: Joshua Levin-Epstein, Esq.
Attn: Jason Mizrahi, Esq.