UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIA TOLOMEI,

                      Plaintiff,

-v-

HESS RESTORATIONS, INC., *et al.*,

                      Defendants.

23-CV-52 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, District Judge:

On March 27, 2023, the Court approved a Settlement Agreement in this Fair Labor Standards Act ("FLSA") action, finding the terms of settlement fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015). (ECF No. 21 ("Order") at 1.) In that order, the Court dismissed the case with prejudice and "retain[ed] jurisdiction solely to resolve any disputes arising from the settlement agreement and the settlement of this action." (*Id.*) Now before the Court is Defendants' motion to enforce the Settlement Agreement and for attorney's fees and sanctions. For the reasons that follow, the motions to enforce settlement and for attorney's fees are granted; the motion for sanctions is denied.

**I.    Background**

Plaintiff Julia Tolomei initiated this wage-and-hour action against Defendants Hess Restorations, Inc. ("Hess") and Lada Gabriel on January 4, 2023, alleging, among other claims, violations of the FLSA and the New York Labor Law. (ECF No. 1.) The parties jointly moved the Court to approve their Settlement Agreement on March 15, 2023. (ECF No. 20.) The Settlement Agreement provides Tolomei with a settlement payment of $10,000. (ECF No. 20-1 ("SA") § 4.) In exchange, it includes a "Mutual Releases" provision, which states:

> Plaintiff hereby absolutely and irrevocably releases and discharges Gabriel and Hess . . . from all suits, claims, . . . or causes of action . . . arising out of Plaintiff's

> work for Gabriel and Hess, or separation therefrom, including but not limited to any claims for unpaid overtime, unpaid minimum wage, and claims for failure to maintain and/or provide wage records pursuant to the New York Labor Law § 195, retaliation and discrimination . . . .

(*Id.* § 7(a).) The Court approved the Settlement Agreement on March 27, 2023. (Order.)

Subsequently, Tolomei, through new counsel, sent Defendants a pre-litigation demand letter regarding a new employment discrimination action, including allegations that Defendants "constantly ma[d]e unwelcomed and harassing remarks" to Tolomei and her co-workers and terminated Tolomei based on her transgender identity. (*See* ECF No. 26 ("Resp.") at 3.) On June 30, 2024, Defendants moved to enforce the Settlement Agreement, enjoin Tolomei from filing any further lawsuits against Defendants arising out of her employment, award Defendants reasonable attorney's fees, and sanction Plaintiff and her new attorneys. (ECF No. 23 ("Mot.").) The Court issued an order to show cause on July 9, 2024 (ECF No. 24), and Plaintiff filed a response on July 29, 2024 (Resp.). Defendants replied on May 23, 2025. (ECF No. 30 ("Reply").)

## II. Discussion

A district court has ancillary jurisdiction to enforce a settlement agreement where, as here, its "order of dismissal . . . expressly retain[ed] jurisdiction over the settlement agreement." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). "It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146, 150 (2d Cir. 2022) (quotation marks omitted). "Once entered into, the contract is binding and conclusive. When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that [] choice simply because his assessment of the consequences was incorrect." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) (citation omitted).

Here, the plain terms of the Settlement Agreement released Tolomei's claims against Defendants arising out of her employment or termination, including claims for "retaliation and discrimination." (SA § 7(a).) Plaintiff does not dispute that the Settlement Agreement as written bars the employment discrimination claims she now intends to bring. (*See* Resp.) Instead, Plaintiff's sole argument is that this general release provision is unenforceable because it is impermissibly broad under *Cheeks*. (*Id.* at 4-5.)

It is true that FLSA settlements are subject to additional judicial scrutiny to police "the unequal bargaining power as between employer and employee," *Cheeks*, 796 F.3d at 202 (quotation marks omitted), and "no settlement of an FLSA case is enforceable until it has been approved by a federal judge," *Velazquez v. Yoh Servs., LLC*, No. 17-CV-842, 2017 WL 4404470, at *3 (S.D.N.Y. Sept. 25, 2017). But here, the Court has approved the Settlement Agreement, holding that it satisfied *Cheeks* review. (Order at 1.) The proper mechanism through which Plaintiff may seek to vacate or modify that order is Rule 60 of the Federal Rules of Civil Procedure. "Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order," including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (cleaned up); *see* Fed. R. Civ. P. 60(b). Courts apply this Rule to "strike[] a balance between serving the ends of justice and preserving the finality of judgments," and grant relief "only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61; *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly

granted only upon a showing of exceptional circumstances."). "The burden of proof is on the party seeking relief from judgment." *Int'l Bhd. of Teamsters*, 247 F.3d at 391.

Plaintiff has failed to meet her burden. First, she never filed a Rule 60(b) motion, instead only making her *Cheeks* argument in response to an order to show cause after Defendants moved to enforce the settlement. *See* Fed. R. Civ. P. 60(b) (requiring relief under the Rule be sought "[o]n motion"). Second, Plaintiff has not shown exceptional circumstances that meet any of the Rule 60(b) grounds. *Cf., e.g.*, *Nemaizer*, 793 F.2d at 62 ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment."). Third, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). The Court approved the settlement on March 27, 2023, and Plaintiff raised her *Cheeks* argument for the first time on July 29, 2024. Plaintiff has offered no justification that would render the sixteen-month delay reasonable. *Cf., e.g., Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (holding that a movant "plainly did not seek relief from the judgment within a reasonable time" based on an eleven-month delay). Therefore, Plaintiff cannot obtain relief from the Court's March 27, 2023 order.

Defendants also seek attorney's fees and costs incurred by enforcing the settlement. (Mot. at 1; *see also* Reply at 3.) On such matters, the Court "must adhere to the terms of the Settlement Agreement." *Cardoso v. Paramount Foods Inc.*, No. 15-CV-7674, 2020 WL 8880943, at *2 (S.D.N.Y. Apr. 30, 2020). The Settlement Agreement provides that "[t]he substantially prevailing party in any action or proceeding brought by reason of this Agreement shall be entitled to recover all reasonable attorney's fees and costs of litigation." (SA § 14(c).)

Pursuant to such terms, the Court awards Defendants attorney's fees and costs incurred by the instant motion to enforce the settlement.

Finally, Defendants seek sanctions against Plaintiff and her new attorneys. (Mot. at 1.) A federal court "may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). At this time, the Court cannot conclude that Plaintiff acted in bad faith or in other egregious ways that warrant sanctions. The Court therefore declines to sanction Plaintiff or her attorneys.

### III.    Conclusion

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' motion to enforce the Settlement Agreement is GRANTED;
2. Defendants' motion for attorney's fees is GRANTED;
3. Defendants' motion for sanctions is DENIED;
4. Plaintiff is enjoined from initiating any further legal proceedings in violation of the Settlement Agreement.

SO ORDERED.

Dated: June 6, 2025
       New York, New York

_____
J. PAUL OETKEN
United States District Judge