# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0048 • E: Jason@levinepstein.com

January 13, 2026

**VIA ECF**
The Hon. J. Paul Oetken, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Tolomei v. Hess Restorations, Inc. et al*
      **Case No.: 1:23-cv-00052-JPO**

Dear Honorable Judge Oetken:

This law firm represents Plaintiff Julia Tolomei (the "Plaintiff") in the above-referenced matter.

Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to request the entry of an order, amending the judgment entered on January 13, 2026 [Dckt. No. 34] (the "January 13th Judgment"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 60.[1]

On June 6, 2025, Your Honor entered a memorandum and order on Defendants' Hess Restorations, Inc., and Lada Gabriel (a/k/a Lada Sultanova) (together, the "Defendants") motion to enforce. [Dckt. No. 31]. The concluding paragraph of Your Honor's June 6, 2025 memorandum, expressly declined to sanction Plaintiff's counsel, as follows:

> "Finally, Defendants seek sanctions against Plaintiff and her new attorneys. (Mot. at 1.) A federal court "may exercise its inherent power to sanction a party or an attorney who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)). ***At this time, the Court cannot conclude that Plaintiff acted in bad faith or in other egregious ways that warrant sanctions. The Court therefore declines to sanction Plaintiff or her attorneys***."

[*See* Dckt. No. 31] (emphasis added).

---

[1] Fed.R.Civ.P. 60(b), in relevant part, provides that a court may relieve a party or its legal representative from a final judgment in the case of:

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3)…, misrepresentation, or misconduct by an opposing party; (4) the judgment is void;  (5) …applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed.R.Civ.P. 60(b). Rule 60(a) allows the Court to, by motion or on its own, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Huang v. Jaddou*, 2024 WL 4246161, at *1 (E.D.N.Y. 2024) (citations omitted).

The monetary judgment was based on an alleged breach of Paragraph 13(c) of the long-form settlement agreement dated March 13, 2023, entered into by and between Plaintiff Defendants. [*See* Dckt. No. 21-1 at ¶ 13(c); *see also* Dckt. No. 31 at p. 4 ("[t]he Settlement Agreement provides that '[t]he substantially prevailing party in any action or proceeding brought by reason of this Agreement shall be entitled to recover all reasonable attorney's fees and costs of litigation.")]. The undersigned law firm is not a signatory to the Settlement Agreement, and therefore is not bound by its terms. Thus, there is no factual or legal basis for the entry of a judgment against the undersigned law firm.

Finally, this letter further respectfully requests for the entry of an order, sanctioning Defendants' and Defendants' counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

Pursuant to 28 U.S.C. § 1927[2], "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Similarly, under the Court's inherent authority to control the proceedings that take place before it, any federal court "may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *JMC Rest. Holding, LLC*, 2016 WL 3351007 at *6 (internal quotations and citations omitted). The Second Circuit has held that "[t]o impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotation marks and citation omitted). A claim is colorable when it reasonably might be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis. *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999). "Bad faith can be inferred when the actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" *Estate of Warhol*, 194 F.3d at 338 (*quoting People of the State of New York v. Operation Rescue Nat'l*, 80 F.3d 64, 72 (2d Cir. 1996)).

The January 13th Judgment improperly purports to impose monetary liability on Plaintiff's counsel despite the absence of any factual findings, legal basis, or contractual privity supporting such relief. Thus, the entry of sanctions is warranted.

In light of the foregoing, it is respectfully requested that the Court enter an order: (i) sanctioning Defendants, and Defendants' counsel, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority; and (ii) amending the judgment entered on January 13, 2026 [Dckt. No. 34], so that it shall read, as follows:

> "**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to the Court's Memorandum and Order dated June 6, 2025, Defendants Hess Restorations, Inc. and Lada Gabriel shall recover from Plaintiff Julia Tolomei the

---

[2] Should the Court find favorably for Plaintiff, Plaintiff respectfully request an opportunity to submit billing records for Plaintiff's attorneys' fees, costs and expenses.

sum of $9,100.00 (Nine Thousand One Hundred Dollars), representing the attorneys' fees and costs awarded to Defendants in this action.

**IT IS FURTHER ORDERED** that post-judgment interest shall accrue on the above judgment pursuant to 28 U.S.C. § 1961 from the date of entry until the judgment is paid in full. IT IS FURTHER ORDERED that the Clerk shall enter Judgment accordingly."

Thank you, in advance, for your time and attention to this matter.

                    Respectfully submitted,

                    Levin Epstein & Associates, P.C.

                    By:  /s/ Jason Mizrahi
                           Jason Mizrahi, Esq.
                           420 Lexington Avenue, Suite 2458
                           New York, NY 10170
                           Tel. No.: (212) 792-0048
                           Email: jason@levinepstein.com
                           *Attorneys for Plaintiff*

VIA ECF: All Counsel