# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10170
T: 212.792.0046 • E: Joshua@levinepstein.com

January 15, 2026

**VIA ECF**
The Hon. J. Paul Oetken, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

          Re:    *Tolomei v. Hess Restorations, Inc. et al*
                **Case No.: 1:23-cv-00052-JPO**

Dear Honorable Judge Oetken:

      Pursuant to Your Honor's Individual Motion Practice Rules, the undersigned respectfully requests the scheduling of a conference to address the basis for the Court's January 13, 2026 Order and Judgment [Dckt. No. 34] (the "January 13, 2026 Order"), and this law firm's corresponding letter motion seeking amendment of that judgment, pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 60. [*See* Dckt. No. 35] (the "Motion to Amend the Judgment").

      Earlier today, the Court entered an Order, that provided, in relevant part, as follows:

> "***That for the reasons stated in the Court's Order dated January 13, 2026***, Defendants Hess Restorations, Inc. and Lada Gabriel shall recover from Plaintiff Julia Tolomei, her attorneys Joshua Levin-Epstein, Esq. and Jason Mizrahi, Esq., and their law firm Levin-Epstein & Associates, P.C., jointly and severally, the sum of $9,100.00 representing the attorneys fees and costs awarded to Defendants in this action."

[Dckt. No. 36] (the "January 15th Order") (emphasis added). The January 13, 2026 Order provided, in relevant part, as follows:

> "[P]ursuant to the Court's Memorandum and Order dated June 6, 2025… Defendants…shall recover from…her attorneys Joshua Levin-Epstein, Esq. and Jason Mizrahi, Esq., and their law firm Levin-Epstein & Associates, P.C…"

[*See* Dckt. No. 34]. Respectfully, the January 13, 2026 Order does not state any reason for the entry of judgment against the undersigned counsel or Levin-Epstein & Associates, P.C. The January 15, 2026 Order purports to rely on "the reasons stated" in the January 13, 2026 Order, yet no such reasons are articulated in either Order. As a result, there is no stated basis for imposing liability on counsel or the law firm.

      Thus, we respectfully request a conference to address the basis and reason for the entry of January 13th Order as against the undersigned law firm and its attorneys, given that neither the January 13 Order nor the January 15 Order included any ***reason*** for the entry of the judgment. As set forth more fully below, the Court never entered an Order directing any payment from the undersigned law firm or its attorneys.

By way of relevant background, Defendants moved to enforce the Settlement Agreement[1] and for attorneys' fees based on a contractual fee-shifting provision and the Court's inherent authority. [Dckt. No. 23-2]. To be clear, Defendants moved to enforce the Settlement Agreement and for attorneys' fees, based on (1) a theory of breach of contract[2] and (2) "the Court's inherent authority." [*Id* at ¶ 4].

In the Court's June 6, 2025 Memorandum and Order (the "M&O"), the Court did not find that the undersigned law firm or its attorneys engaged in any sanctionable conduct. [Dckt. No. 31].

In the M&O, the Court held that the terms of Settlement Agreement, which contained a fee shifting provision, entitled Defendants to attorneys' fees and costs. [*Id.* at p. 4] (citing § 14(c) of the Settlement Agreement). Given that the undersigned law firm is not a signatory to the March 13, 2023 Settlement Agreement and is not bound by paragraph 14(c) or any other provision therein, the Court did not find that that undersigned law firm or its attorneys liable under the contractual fee shifting provision. [*See id.*]. Thus, it is respectfully submitted that the Court did not hold the undersigned law firm liable under the fee shifting provision in paragraph 14(c) of the Settlement Agreement.

With respect to the Defendants' claim for an award of sanctions as against the undersigned law firm based on the Court's inherent authority, the Court held that no award was justified. Of particular relevance, the concluding paragraph of the M&O states:

> "Finally, Defendants seek sanctions against Plaintiff and her new attorneys…At this time, the Court cannot conclude that Plaintiff acted in bad faith or in other egregious ways that warrant sanctions. **The Court therefore declines to sanction Plaintiff or her attorneys**."

[*See* Dckt. No. 31] (emphasis added). Thus, the Court did not sanction the undersigned law firm under its inherent authority.

Of critical importance, in almost two decades of practice, the undersigned respectfully notes that neither the undersigned nor Levin-Epstein & Associates, P.C. have ever been sanctioned by any court.

It is respectfully submitted that a brief conference would materially assist in clarifying the basis for the January 13 and January 15 Orders and resolving these issues without further motion practice.

Thank you for the consideration of this request.

---

[1] The "Settlement Agreement" refers to the settlement agreement and mutual release filed on March 15, 2023, and on June 30, 2024. [*See* Dckt. Nos. 20-1; 23-2].

[2] "In sum, ***plaintiff's*** continued efforts to relitigate the previously settled and/or released claims arising ***from her*** employment with the defendants ***is a breach of the Settlement Agreement***." [*Id.* at p. 3] (emphasis added).

                Respectfully submitted,

               Levin Epstein & Associates, P.C.

        By:  /s/ Joshua D. Levin-Epstein
                Joshua D. Levin-Epstein, Esq.
                420 Lexington Avenue, Suite 2458
                New York, NY 10170
                Tel. No.: (212) 792-0046
                Email: Joshua@levinepstein.com
                *Attorneys for Plaintiff*

VIA ECF: All Counsel