UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Julia Tolomei,                                                                                       Case No.: 23-cv-00052

                            *Plaintiff*,

                            -*against*-

Hess Restorations, Inc., and Lada Gabriel,

                            *Defendants*.
-------------------------------------------------------------------X


**LEVIN-EPSTEIN & ASSOCIATES, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF ITS EMERGENCY ORDER TO SHOW CAUSE TO <u>STAY THE ENFORCEMENT OF A JUDGMENT, WITHOUT A BOND</u>**


                                                             **LEVIN-EPSTEIN & ASSOCIATES, P.C.**
                                                             Joshua Levin-Epstein, Esq.
                                                             Jason Mizrahi, Esq.
                                                             420 Lexington Avenue, Suite 2458
                                                             New York, NY 10170
                                                             Tel. No.: (212) 792-0048
                                                             Email:   Jason@levinepstein.com
                                                                              Joshua@levinepstein.com
                                                             *Attorneys for Plaintiff*

Dated:  New York, New York
           January 22, 2026

**TABLE OF CONTENTS**

Page

**TABLE OF AUTHORITIES** ................................................................................................... iv

**PRELIMINARY STATEMENT** ............................................................................................... 1

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY** ..................... 3

    A. Defendants' June 30, 2024 Motion to Enforce the Settlement Agreement .................. 3

    B. The June 6, 2025 Memorandum & Order .................................................................... 4

    C. The Material Misrepresentations in Defendants' January 12, 2026 Letter Motion for the Entry of a Judgment ............................................................................................... 4

    D. The January 13, 2026 Order.......................................................................................... 5

    E. The January 15, 2026 Judgment ................................................................................... 5

    F. Plaintiff's January 13, 2026 and January 15, 2026 Motions to Amend the Judgment . 6

    G. Plaintiff's January 21, 2026 Notice of Appeal............................................................. 6

    H. Defendants' January 21, 2026 Proposed Abstract of Judgment .................................. 6

**LEGAL STANDARD** ................................................................................................................ 7

    I. Legal Standard on a Motion to Stay – Four (4) Discretionary *Hilton* Factors .................... 7

    II. Legal Standard Pursuant to Fed.R.Civ.P. 62(b)..................................................................... 7

**ARGUMENT**............................................................................................................................... 8

    I. Defendants and Attorney Nussbaum Have Made Material Misrepresentations to the Court.................................................................................................................. 8

    II. Levin-Epstein's Motion to Stay the Enforcement of a Judgment Should be Granted Under the Discretionary *Hilton* Factors............................................................................. 9

        A. Likelihood of Success on the Merits............................................................................ 9

        B. Irreparable Harm......................................................................................................... 10

        C. No Substantial Prejudice to Defendants .................................................................... 10

        D. Public Interest ............................................................................................................ 10

III. Levin-Epstein's Motion to Stay the Enforcement of a Judgment Should be Granted Pursuant to the Court's Discretionary Authority ............................................................... 10

**CONCLUSION** ........................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Cases**

*Butler v. Ross*,
 2017 WL 6210843 (S.D.N.Y. 2017) ....................................................................................... 7

*Hensley v. Eckerhart,*
 461 U.S. 424 (1983) ............................................................................................................... 7

*Hilton v. Braunskill*,
 481 U.S. 770 (1987) ............................................................................................................... 7

*In re Bakery & Confectionery Union & Indus. Int'l Pension Fund Pension Plan,*
 2013 WL 12444540 (S.D.N.Y. 2013) ................................................................................... 11

*In re Nassau Cnty. Strip Search Cases*,
 783 F.3d 414 (2d Cir. 2015) ................................................................................................... 7

*McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*,
 191 F. Supp. 2d 440 (S.D.N.Y. 2002) .................................................................................... 8

*Rivera v. Home Depot U.S.A. Inc.,*
 2018 WL 3105069 (S.D.N.Y. 2018) ..................................................................................... 11

*Universal Health Servs. v. United States ex rel. Escobar*,
 136 S. Ct. 1989 (2016) ........................................................................................................... 8

**Statutes**

Fed.R.Civ.P. 62(a) ........................................................................................................................ 6

Fed.R.Civ.P. 62(b) ........................................................................................................................ 7

Levin-Epstein & Associates, P.C. ("Levin-Epstein"), counsel for Plaintiff Julia Tolomei (the "Plaintiff"), respectfully submits this Memorandum of Law, together with the Declaration of Joshua D. Levin-Epstein, Esq., (the "Levin-Epstein Decl."), and the exhibits annexed thereto, in support of Levin-Epstein's emergency order to show cause to stay the enforcement of a judgment, without a bond, pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 62(b) and 65 (the "Motion to Stay Enforcement Proceedings"), and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

On June 30, 2024, Defendants[1] moved to enforce the Settlement Agreement[2] and for attorneys' fees based on a contractual fee-shifting provision and the Court's inherent authority. In the Court's June 6, 2025 Memorandum and Order (the "M&O"), the Court did not find that the undersigned law firm or its attorneys engaged in any sanctionable conduct. [Dckt. No. 31]. Of particular relevance, the concluding paragraph of the M&O states:

> "Finally, Defendants seek sanctions against Plaintiff and her new attorneys…At this time, the Court cannot conclude that Plaintiff acted in bad faith or in other egregious ways that warrant sanctions. ***The Court therefore declines to sanction Plaintiff or her attorneys***."

[*Id.*] (emphasis added). In the M&O, the Court held that the terms of the Settlement Agreement, which contained a fee shifting provision, entitled Defendants to attorneys' fees and costs. [*Id.* at p. 4] (citing § 14(c) of the Settlement Agreement). The Court did not conduct an assessment of Defendants' reasonable attorneys' fees or costs, or otherwise determine a "sum certain" due. [*Id.*]. Given that the undersigned law firm is not a signatory to the March 13, 2023 Settlement Agreement and is not bound by paragraph 14(c) or any other provision therein, the Court did not find that the undersigned law firm or its attorneys liable under the contractual fee shifting provision. [*Id.*].

---

[1] "Defendants" refers to Defendants Hess Restorations, Inc. and Lada Gabriel (a/k/a Lada Sultanova).
[2] The "Settlement Agreement" refers to the settlement agreement and mutual release filed on March 15, 2023, and on June 30, 2024. [*See* Dckt. Nos. 20-1; 23-2].

1

On January 12, 2026, Defendants' counsel, Marcus Aurelius Nussbaum ("Attorney Nussbaum") filed a one (1) page letter motion, for the entry of a judgment pursuant to Fed.R.Civ.P. 58. [*See* Dckt. No. 32]. Defendants' motion sought the entry of a monetary judgment of $9,100, for purported attorneys' fees and costs, "against Plaintiff, her attorneys, and their law firm, jointly and severally…***consistent with the Court's June 6, 2025 Order***." [*Id.*] (emphasis added). Contrary to the material misrepresentations in Defendants' January 12, 2026 letter motion: (i) the Court's June 6, 2025 Order was not for a "sum certain", as the Court never conducted an assessment of Defendants' reasonable attorneys' fees; and (ii) the Court's June 6, 2025 Order never found Plaintiff's attorneys, or their law firm jointly and severally liable under the contractual fee-shifting provision contained in § 14(c) of the Settlement Agreement. Relying on those misrepresentations, the Court entered a judgment imposing personal liability on Levin-Epstein without findings, legal authority, or due process. [*See* Dckt. Nos. 34, 36].

Before seeking judicial intervention, Levin-Epstein made repeated good-faith efforts to confer with Attorney Nussbaum to correct the record and avoid unnecessary motion practice. On January 13, 2026, at 3:32 p.m. (*i.e.,* prior to the filing of Plaintiff's Motion to Amend pursuant to Fed.R.Civ.P. 60), the undersigned law firm emailed Defendants' counsel, as follows:

> "We are writing to request your consent to, and joinder in, our application to amend the January 13, 2026 judgment to remove any reference to the undersigned law firm. See attached in .doc and .pdf.
>
> As you know, the Court expressly declined to sanction our law firm, and the undersigned firm is neither a party to nor a signatory of the Settlement Agreement. There is therefore no factual or legal basis for the continued inclusion of counsel in the judgment. Please let me know by **4:00 p.m., EST.**
>
> If you decline to do so, or if we do not hear back from you, we will have no choice but to proceed without consent and seek appropriate relief, including the entry of sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority."[3]

---

[3] Levin-Epstein respectfully reserves all rights to seek, *inter alia,* sanctions against Defendants and Attorney Nussbaum, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

[*See* Levin-Epstein Decl. at ¶ 3] [Ex. A]. After the transmittal of the January 13th email, Levin-Epstein called Attorney Nussbaum. [*Id.* at ¶ 4] [Ex. B]. Attorney Nussbaum inexplicably ignored those efforts, and Plaintiff's letter filings on January 13, 2026 [Dckt. No. 35] and January 15, 2026 [Dckt. No. 37]. Yet, Attorney Nussbaum doubled down on his material misrepresentations by filing a proposed abstract of judgment with the Clerk of Court, on January 21, 2026. [*See* Dckt. No. 39].

Therefore, this emergency motion arises from a judgment procured through Defendants' and Attorney Nussbaum's material misrepresentations. In the June 6, 2025 M&O, the Court expressly declined to sanction Plaintiff's counsel and did not award a sum certain. Nevertheless, in their January 12, 2026 letter Defendants and Attorney Nussbaum misrepresented that the Court had imposed joint and several liability on Plaintiff's attorneys and law firm and had already fixed the amount of fees. [*See* Dckt. No. 32].

Levin-Epstein therefore seeks a stay of enforcement to prevent further prejudice from a judgment that directly contradicts the Court's prior ruling and was entered as a result of material misrepresentations on the Court. A stay without bond is warranted to preserve the integrity of the judicial process while the Court considers Plaintiff's Rule 60 motion and the pending appeal.

### RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY
**A. Defendants' June 30, 2024 Motion to Enforce the Settlement Agreement**

On June 30, 2024, Defendants moved to enforce the Settlement Agreement and for attorneys' fees based on a contractual fee-shifting provision and the Court's inherent authority. [Dckt. No. 23-2]. Thus, Defendants moved to enforce the Settlement Agreement, and for attorneys' fees, based on: (ii) a breach of contract theory;[4] and (ii) the Court's inherent authority. [*Id* at ¶ 4].

---

[4] "In sum, ***plaintiff's*** continued efforts to relitigate the previously settled and/or released claims arising ***from her*** employment with the defendants ***is a breach of the Settlement Agreement***." [*Id.* at p. 3] (emphasis added).

3

### B. The June 6, 2025 Memorandum & Order

In the Court's June 6, 2025 M&O, the Court did not find that the undersigned law firm or its attorneys engaged in any sanctionable conduct. [Dckt. No. 31].

In the M&O, the Court held that the terms of the Settlement Agreement, which contained a fee shifting provision, entitled Defendants to attorneys' fees and costs. [*Id.* at p. 4] (citing § 14(c) of the Settlement Agreement). The Court did not conduct an assessment of Defendants' reasonable attorneys' fees or costs, or otherwise determine a "sum certain" due. [*Id.*]. Given that the undersigned law firm is not a signatory to the March 13, 2023 Settlement Agreement and is not bound by paragraph 14(c) or any other provision therein, the Court did not find that the undersigned law firm or its attorneys liable under the contractual fee shifting provision. [*Id.*]. Thus, the Court did not hold the undersigned law firm liable under the fee shifting provision in paragraph 14(c) of the Settlement Agreement.

With respect to the Defendants' claim for an award of sanctions as against the undersigned law firm based on the Court's inherent authority, the Court held that no award was justified. Of particular relevance, the concluding paragraph of the M&O states:

> "Finally, Defendants seek sanctions against Plaintiff and her new attorneys…At this time, the Court cannot conclude that Plaintiff acted in bad faith or in other egregious ways that warrant sanctions. ***The Court therefore declines to sanction Plaintiff or her attorneys***."

[*See* Dckt. No. 31] (emphasis added). Thus, the Court did not sanction the undersigned law firm under its inherent authority.

### C. The Material Misrepresentations in Defendants' January 12, 2026 Letter Motion for the Entry of a Judgment

On January 12, 2026, Defendants filed a one (1) page letter motion, for the entry of a judgment pursuant to Fed.R.Civ.P. 58. [*See* Dckt. No. 32]. Defendants' motion sought the entry of a monetary judgment of $9,100, for purported attorneys' fees and costs, "against Plaintiff, her

4

attorneys, and their law firm, jointly and severally…consistent with the Court's June 6, 2025 Order." [*Id*.].

Contrary to the material misrepresentations in Defendants' January 12, 2026 letter motion: (i) the Court's June 6, 2025 Order was not for a "sum certain"[5], as the Court never conducted an assessment of Defendants' reasonable attorneys' fees[6]; and (ii) the Court's June 6, 2025 Order never found Plaintiff's attorneys, or their law firm jointly and severally liable under the contractual fee-shifting provision contained in § 14(c) of the Settlement Agreement.

### D. The January 13, 2026 Order

On January 13, 2026, the Court so-ordered Defendants' proposed order, which was based on the material misrepresentations contained in Defendants' January 12, 2026 letter motion. [*See* Dckt. No. 34]. The January 13, 2026 Order provided, in relevant part, as follows:

> "[P]ursuant to the Court's Memorandum and Order dated June 6, 2025, Defendants Hess Restorations, Inc. and Lada Gabriel shall recover from Plaintiff Julia Tolomei, her attorneys Joshua Levin-Epstein, Esq. and Jason Mizrahi, Esq., and their law firm Levin-Epstein & Associates, P.C., jointly and severally, the sum of $9,100.00 (Nine Thousand One Hundred Dollars), representing the attorneys' fees and costs awarded to Defendants in this action."

[*Id.*]. The January 13, 2026 Order does not state any reason for the entry of judgment against the undersigned counsel or Levin-Epstein & Associates, P.C. Moreover, the June 6, 2025 Order did not award ***any*** sum certain to Defendants, representing attorneys' fees and costs. Nor did the June 6, 2025 Order find Plaintiff's attorneys', or their law firm, "jointly and severally" liable.

### E. The January 15, 2026 Judgment

On January 15, 2026, the Clerk of Court entered a Judgment, that provided, in relevant part, as follows:

---

[5] Blacks Law Dictionary defines a "Sum Certain" as "[a]ny amount that is fixed, settled, or exact." (12th ed. 2024).
[6] *See* June 6, 2025 Order at p. 5; *see also Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) (party seeking fees bears burden of establishing that the reasonableness of a fee request).

5

> "***That for the reasons stated in the Court's Order dated January 13, 2026***, Defendants Hess Restorations, Inc. and Lada Gabriel shall recover from Plaintiff Julia Tolomei, her attorneys Joshua Levin-Epstein, Esq. and Jason Mizrahi, Esq., and their law firm Levin-Epstein & Associates, P.C., jointly and severally, the sum of $9,100.00 representing the attorneys fees and costs awarded to Defendants in this action."

[Dckt. No. 36] (the "January 15th Judgment") (emphasis added). The January 15th Judgment purports to rely on "the reasons stated" in the January 13, 2026 Order, yet no such reasons are articulated in either Order. As a result, there is no stated basis for imposing liability on counsel or the law firm.

### F. Plaintiff's January 13, 2026 and January 15, 2026 Motions to Amend the Judgment

On January 13, 2026 Plaintiff filed a motion to pursuant to Fed.R.Civ.P. 60, to amend the January 13, 2026 Order and the corresponding January 15th Judgment (the "Motion to Amend"). [*See* Dckt. No. 35]. On January 15, 2026, Plaintiff filed a supplemental letter, requesting the scheduling of a conference, to address the material misrepresentations contained in Defendants' January 12, 2026 letter motion, which had triggered the entry of the January 13, 2026 Order and the January 15th Judgment. [*See* Dckt. No. 37]. As of the date of this filing, Defendants have not responded to Plaintiff's applications.

### G. Plaintiff's January 21, 2026 Notice of Appeal

On January 21, 2026 Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit, from the January 13, 2026 Order and the corresponding January 15th Judgment. [*See* Dckt. No. 38].

### H. Defendants' January 21, 2026 Proposed Abstract of Judgment

Defendants filed a proposed abstract of judgment on January 21, 2026. [*See* Dckt. No. 39]. However, pursuant to the automatic stay provisions of Federal Rule 62, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry[.]" *See* Fed.R.Civ.P. 62(a). Thus, Defendants' application was filed in derogation of Fed.R.Civ.P. 62(a).

6

## LEGAL STANDARD

### I. Legal Standard on a Motion to Stay – Four (4) Discretionary *Hilton* Factors

On a motion to stay the effect of a district court's order, the court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)

### II. Legal Standard Pursuant to Fed.R.Civ.P. 62(b)

In addition to the four (4) discretionary *Hilton* factors, a Court may also consider the following, non-exclusive, five-factor test to determine whether to waive Rule 62(b)'s[7] supersedeas bond requirement:

> "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [movant]'s ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [movant] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [movant] in an insecure position."

*In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417-418 (2d Cir. 2015). The Second Circuit has recognized that the listed *Nassau County* factors are non-exclusive. *Id.* at 417. Ultimately, "[i]t is in the district court's 'discretion' whether or not to waive the requirement of the bond." *Butler v. Ross*, 2017 WL 6210843, at *4 (S.D.N.Y. 2017).

---

[7] Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed.R.Civ.P. 62(b).

**ARGUMENT**

I. **Defendants and Attorney Nussbaum Have Made Material Misrepresentations to the Court**

Fraud on the court occurs where a party intentionally engages in an unconscionable scheme designed to interfere with the Court's ability to adjudicate a matter impartially. *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002). The doctrine applies where a party repeatedly makes material misrepresentations to the Court on issues central to the truth-finding process. *Id.* It is well established that misrepresentations include not only literally false statements, but also any "'representation stating the truth so far as it goes but which the maker knows or believes to be materially misleading because of his failure to state additional or qualifying matter.'" *Universal Health Servs. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1999 (2016) (internal quotations and citation omitted).

Here, Defendants falsely represented that the Court's June 6, 2025 Memorandum & Order (i) awarded a sum certain in attorneys' fees and (ii) imposed joint and several liability on Plaintiff's counsel and law firm. [*See* Dckt. No. 32]. Both representations are demonstrably untrue. The Court never fixed any amount of fees, never conducted a reasonableness analysis, and expressly declined to sanction Plaintiff or her attorneys under its inherent authority. These misrepresentations were not peripheral. They were central to Defendants' request for entry of judgment and directly induced the January 13, 2026 Order and the January 15, 2026 Judgment imposing liability on non-signatory counsel without any stated legal basis.

On January 13, 2026, at 3:32 p.m. (*i.e.,* prior to the filing of Plaintiff's Motion to Amend pursuant to Fed.R.Civ.P. 60), the undersigned law firm emailed Defendants' counsel, as follows:

> "We are writing to request your consent to, and joinder in, our application to amend the January 13, 2026 judgment to remove any reference to the undersigned law firm. See attached in .doc and .pdf.

8

> As you know, the Court expressly declined to sanction our law firm, and the undersigned firm is neither a party to nor a signatory of the Settlement Agreement. There is therefore no factual or legal basis for the continued inclusion of counsel in the judgment. Please let me know by **4:00 p.m., EST.**
>
> If you decline to do so, or if we do not hear back from you, we will have no choice but to proceed without consent and seek appropriate relief, including the entry of sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority."

[*See* Levin-Epstein Decl. at ¶ 3] [Ex. A]. After the transmittal of the January 13th email, Levin-Epstein called Attorney Nussbaum. [*Id.* at ¶ 4] [Ex. B]. Attorney Nussbaum, inexplicably, never responded to the January 13, 2026 email or phone call. Nor has Attorney Nussbaum responded to Plaintiff's: (i) January 13, 2026 letter motion [Dckt. No. 35]; (ii) January 15, 2026 letter motion [Dckt. No. 37]; or (iii) January 21, 2026 Notice of Appeal [Dckt. No. 38].

Yet, Attorney Nussbaum doubled down on his material misrepresentations by filing a proposed abstract of judgment with the Clerk of Court, on January 21, 2026. [*See* Dckt. No. 39]. By repeatedly mischaracterizing the Court's prior ruling to obtain relief that the Court had not granted, Defendants and Attorney Nussbaum interfered with the judicial process itself. Such conduct goes beyond mere advocacy error. It constitutes fraud on the court because it corrupted the Court's decision-making process and resulted in the entry of a judgment unsupported by the record.

## II. Levin-Epstein's Motion to Stay the Enforcement of a Judgment Should be Granted Under the Discretionary *Hilton* Factors

A stay of enforcement is warranted because the underlying judgment was obtained through fraudulent means, and all four (4) discretionary *Hilton* factors decisively favor Levin-Epstein & Associates, P.C. and its attorneys.

### A. Likelihood of Success on the Merits

Levin-Epstein has a strong likelihood of success on appeal. The Court's June 6, 2025 Memorandum & Order did not impose liability on Plaintiff's counsel or law firm under any theory.

9

The Court expressly declined to sanction Plaintiff or her attorneys under its inherent authority, and it recognized that Levin-Epstein is not a signatory to the Settlement Agreement and therefore not bound by its fee-shifting provision. Further, the June 6, 2025 Order did not award any "sum certain" in attorneys' fees. The Court never evaluated the reasonableness of Defendants' fees and never fixed an amount. Nor did the Court impose joint and several liability on counsel or the law firm. The January 13, 2026 Order and January 15, 2026 Judgment therefore impose liability that has no basis in the Court's prior rulings and were entered based on material misrepresentations.

### B. Irreparable Harm

Absent a stay, Levin-Epstein and its attorneys will suffer irreparable harm. Enforcement of a judgment improperly imposing personal liability on counsel - where no sanction was imposed – causes immediate reputational harm and exposes counsel to improper collection efforts. These injuries cannot be undone even if the Judgment is later vacated.

### C. No Substantial Prejudice to Defendants

A stay will not substantially prejudice Defendants. The Judgment involves a modest monetary amount, and Defendants have not claimed any risk that collection will be impaired if enforcement is stayed pending appeal.

### D. Public Interest

The public interest favors a stay. Courts have a strong interest in ensuring that attorneys are not subjected to monetary judgments without due process, factual findings, or an articulated legal basis. Staying enforcement preserves the integrity of the judicial process while appellate review is pending.

### III. Levin-Epstein's Motion to Stay the Enforcement of a Judgment Should be Granted Pursuant to the Court's Discretionary Authority

Even apart from the *Hilton* factors, the Court should exercise its discretion under Rule 62(b) to stay enforcement of the Judgment without requiring a supersedeas bond. The factors

recognized by the Second Circuit support a stay without bond. The Judgment is for a limited amount, collection is straightforward, and there is no indication that Levin-Epstein would be unable to satisfy a lawful judgment if one were ultimately entered. Requiring a bond would therefore serve no practical purpose – particularly where there is a strong likelihood that the Judgment will be amended or vacated. Equity also favors a stay. The Judgment was entered without findings, without a fee determination, and without any stated basis for imposing liability on non-signatory counsel. Maintaining the status quo while the Court considers Plaintiff's Rule 60 motion and the pending appeal avoids unnecessary enforcement activity and promotes judicial economy. *See Rivera v. Home Depot U.S.A. Inc.,* 2018 WL 3105069, at *1 (S.D.N.Y. 2018) (granting stay without bond); *In re Bakery & Confectionery Union & Indus. Int'l Pension Fund Pension Plan,* 2013 WL 12444540 (S.D.N.Y. 2013) (same).

## CONCLUSION

For the reasons stated above, the Court should grant Levin-Epstein's Motion to Stay Enforcement Proceedings pursuant to its discretionary authority, and Fed.R.Civ.P 62(b) and 65.

Dated:  New York, New York
        January 22, 2026

                                                    Respectfully Submitted,

                                                    LEVIN EPSTEIN & ASSOCIATES, P.C.

                                                    */s Joshua Levin-Epstein*
                                                    Joshua Levin-Epstein, Esq.
                                                    420 Lexington Avenue, Suite 2458
                                                    New York, NY 10170
                                                    Tel No.: (212) 792-0046
                                                    *Attorneys for Plaintiff*