# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2458 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

February 9, 2026

*Via ECF*
The Hon. Paul J. Oetken, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Julia Tolomei v. Hess Restorations, Inc. et al*
        <u>Case No.: 23-CV-00052</u>

Dear Honorable Judge Oetken:

  Pursuant to Your Honor's Individual Motion Practice Rules, the instant letter respectfully serves to respond to Defendants'[1] February 6, 2026 letter, filed in response to Levin-Epstein & Associates, P.C.'s ("Levin-Epstein") filings on January 13, 2026 [Dckt. No. 35], January 15, 2026 [Dckt. No. 37], as well as Levin-Epstein's January 22, 2026 Emergency Order to Show Cause [Dckt. Nos. 41-43].

  **I.** **Attorney Nussbaum Tripled Down on his Material and Fraudulent Misrepresentations Included in his January 12, 2026 Letter Motion**

  It is astonishing that Attorney Nussbaum continues to press the demonstrably false assertion that the Court awarded fees against the undersigned firm or its counsel, and even more so that he has the chutzpah to seek additional fees on that basis.

  On January 12, 2026, Attorney Nussbaum filed a one (1) page letter motion, for the entry of a proposed judgment that contained the **following fraudulent representations**:

> "The Proposed Judgment, if approved, would enter judgment in favor of Defendants and their counsel (as judgment creditors) and against Plaintiff Julia Tolomei, **her attorneys, and their law firm**, **jointly and severally, for the sum certain of $9,100.00**, <u>consistent with the Court's June 6, 2025 Order</u>. The Proposed Judgment also provides that post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961. **We respectfully submit that taking this step will serve to <u>formalize the fee award already granted by the Court</u>**."

[Dckt. No. 32] (emphasis added). The Court's Memorandum and Order entered on June 6, 2026 (the "M&O") [Dckt. No. 31] **did not**: (1) hold the undersigned law firm "jointly and severally" liable and (2) award a "sum certain." [Dckt. No. 32]. Attorney Nussbaum's representations to this Court that the proposed judgment annexed to his January 12, 2025 application was consistent with the Court's rulings and merely formalized fees already awarded by this Court is false and fraudulent. [Dckt. No. 32]. These material misrepresentations are serious and fraudulent,

---

[1] "Defendants" refers to Defendants Hess Restorations, Inc. and Lada Gabriel (a/k/a Lada Sultanova).

1

particularly given that Attorney Nussbaum submitted a proposed judgment to the Court based on representations that are plainly inconsistent with the Court's actual rulings in the M&O.

Attorney Nussbaum's latest filing is, in effect, an exercise in self-immolation. He represents to this Court that: the June 6, 2025 Order "***clearly and intentionally*** imposed joint and several liability on Plaintiff and her attorneys (as well as their firm)." [Dckt. No. 50 at p. 2, ¶ 2] (emphasis in original). ***Really?*** The M&O does not even use the phrase "joint and several".

Under these circumstances, sanctions are warranted, and Mr. Nussbaum's conduct should be referred for appropriate disciplinary review.

## II. Attorney Nussbaum's Admitted Failure to Address Certain Arguments Results in Waiver and Abandonment

Remarkably, Attorney Nussbaum admittedly[2] fails to address the following arguments set forth in Levin-Epstein's January 13, January 15, and January 22 submissions:

1. the Court never conducted an assessment of Defendants' reasonable attorneys' fees[3]; and

2. the Court's June 6, 2025 Order never found Plaintiff's attorneys, or Levin-Epstein jointly and severally liable under the contractual fee-shifting provision contained in § 14(c) of the Settlement Agreement.

The law is clear. District courts in this Circuit have found that a litigant's failure to respond to contentions raised in a motion constitutes an abandonment of those arguments. *See Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014).

## III. Attorney Nussbaum Concedes that the Court Did not Award a "Sum Certain"

Attorney Nussbaum's February 6, 2026 letter admits that the Court did not award a "sum certain"[4], as follows:

> Notably, the undersigned's letter of June 30, 2024 specifically sought relief from this Court (including an award of "reasonable attorneys' fees ***in an amount to be determined*** by the Court").

[*See* Dckt. No. 50 at p.2, ¶ 2; *see also* Dckt. No. 23 at p.1, ¶ 3]. Yet, Attorney Nussbaum materially misrepresented that, *inter alia*: the Court's June 6, 2025 Order was for a "sum certain", in his January 12, 2026 letter motion and corresponding proposed judgment. [Dckt. No. 32].[5]

---

[2] [*See* Dckt. No. 50 at p.2, ¶ 2; *see also* Dckt. No. 23 at p.1, ¶ 3].
[3] *See* June 6, 2025 Order at p. 5; *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (party seeking fees bears burden of establishing that the reasonableness of a fee request).
[4] Blacks Law Dictionary defines a "Sum Certain" as "[a]ny amount that is fixed, settled, or exact." (12th ed. 2024).
[5] Attorney Nussbaum misrepresented that: "…the attorneys' fees award is for a sum certain that the Court has fixed." [Dckt. No. 32]; [*see also* Dckt. No. 38].

### IV. Attorney Nussbaum and Defendants Should Be Sanctioned for Needlessly Multiplying These Proceedings

It is well settled that "a court can impose sanctions under its inherent authority when it finds fraud on the court." *Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612, 2024 WL 3824394, at *13 (S.D.N.Y. Aug. 14, 2024), *aff'd sub nom. Lee v. Hong*, No. 24-2435, 2025 WL 3637495 (2d Cir. Dec. 16, 2025). "Such sanctions are appropriate when there is clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action." *Id.* (internal citations and quotations omitted) (collecting cases for sanctioning attorney for material misrepresentation). This is the case here.

Attorney Nussbaum and Defendants made numerous claims without a colorable basis that vexatiously and unreasonably multiplied the instant proceeding, caused the filing of a notice of an appeal, and caused a monetary judgment to be entered that should not have been entered in the first place. The claims made without a colorable basis include:

- **The Material Misrepresentations in Defendants' January 12, 2026 Letter Motion**

  Attorney Nussbaum's January 12, 2026 letter motion materially mispresented that:

  "Fed. R. Civ. P. 58 requires that every judgment be set out in a separate document. In particular, Rule 58(b)(1)(B) provides that when a court decision awards "a sum certain," the Clerk of Court must promptly prepare and enter the judgment without awaiting the Court's direction. ***Here, the attorneys' fees award is for a sum certain that the Court has fixed*** [.]" [*See* Dckt. No. 32].

- **The Material Misrepresentations in Defendants' January 21, 2026 Request for an Abstract of Judgment**

  Defendants' proposed abstract of judgment filed on January 21, 2026 [*see* Dckt. No. 39] is deeply troubling, considering that Attorney Nussbaum was put on notice, via email, voicemail, and letter filings, of his prior material misrepresentations.

- **The Material Misrepresentations in Defendants' February 6, 2025 Letter Motion**

  Attorney Nussbaum elected to repeat and amplify the same misrepresentations in his latest filing, in asserting that the Court "***clearly and intentionally*** imposed joint and several liability" upon Plaintiff's counsel. [Dckt. No. 50 at p. 2, ¶ 2] (emphasis in original)

By filing a letter motion premised on those material misrepresentations, refusing to correct the record after being put on notice, and then tripling-down by submitting a proposed abstract of judgment and the February 6, 2026 letter motion based on material (and fraudulent) misrepresentations, Attorney Nussbaum and Defendants have unreasonably and vexatiously multiplied the proceedings, warranting the imposition of sanctions under 28 U.S.C. § 1927 and the Court's inherent authority.

Dated: New York, New York
February 9, 2026

                                           LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
Joshua Levin-Epstein
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel

4