# MARCUS A. NUSSBAUM, ESQ.

Attorney & Counselor-at-Law
* Admitted in NY, NJ and PA

3059 Brighton 7th Street, Fl. 1
Brooklyn, NY 11235
Tel.: (201) 956-7071
Fax : (347) 572-0439
https://marcusnussbaum.com/
Email: marcus.nussbaum@gmail.com

March 31, 2026

**VIA ECF**
The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**   *Julia Tolomei v. Hess Restorations Inc. et al.*
          Docket No.: 1:23-cv-00052-JPO

Dear Honorable Judge Oetken:

As Your Honor may recall, I represent defendants Hess Restorations Inc. and Lada Gabriel a/k/a Lada Sultanova ("defendants") in this now long-settled matter. Pursuant to the Court's January 13, 2026 Order (ECF 59) directing defendants to submit a letter containing an accounting of attorneys' fees in connection with their motion to enforce the parties' Settlement Agreement, I respectfully submit this letter in support of my application for $9,100.00 in attorneys' fees.

As reflected below in the time log and breakdown, I have expended a total of 18.2 hours of work on matters related to the enforcement of the Settlement Agreement at a rate of $500.00 per hour. This rate is reasonable given my background and experience.

I am a 2009 graduate of Brooklyn Law School and have practiced for over fifteen years, focusing primarily on litigation in federal and state courts. My practice includes complex commercial disputes, employment law (including Title VII), maritime litigation, and alternative dispute resolution. I am admitted to practice in New York, New Jersey, and Pennsylvania, as well as the U.S. District Courts for the Southern and Eastern Districts of New York, District of New Jersey, Eastern District of Pennsylvania, District of Colorado, Northern District of Texas, and Western District of Wisconsin. I am also admitted to the U.S. Courts of Appeals for the Second, Third, and D.C. Circuits.

The legal work included the following categories of services:

- Drafting and researching the original motion to enforce the settlement;
- Conferring with my client regarding the process of enforcing the settlement;
- Reviewing Plaintiff's opposition and Court orders;
- Preparing reply submissions and proposed judgment;
- Preparing the attorney affirmation and fee application;
- Reviewing and responding to post-judgment filings by Plaintiff and her counsel.

**Re:**    *Julia Tolomei v. Hess Restorations Inc. et al.*
March 31, 2026
Page 2 of 2

The work performed and hours billed are detailed in the spreadsheet below. None of the time entries reflect duplication, and the fees were incurred efficiently in response to Plaintiff's improper conduct in breaching the parties' binding agreement.

| Date | Description of Work Performed | Hours |
|---|---|---|
| 6/30/2024 | Legal research and prepare letter motion for conference addressed to Court from counsel for all Defendants requesting a pre-motion conference to enforce settlement agreement due to plaintiff's breach. | 5.00 |
| 7/9/2024 | Review Order to Show Cause and Confer with client re: OSC | 1.2 |
| 7/29/2024 | Review plaintiff's response to OSC and confer with client re: response to OSC | 2.00 |
| 5/23/2025 | Confer with client and prepare Letter Reply to plaintiff's Response to OSC | 6.00 |
| 6/6/2025 | Review M&O granting fees | 1.00 |
| 1/11/2026 | Prepare proposed Order and Letter motion to file Order re: fees | 3.00 |
| | **Total Hours:** | **18.2** |

I also respectfully reiterate that Plaintiff and her attorneys—Mr. Jason Mizrahi, Mr. Joshua Levin-Epstein, and Levin-Epstein & Associates, P.C.—should remain jointly and severally liable for these attorneys' fees. As demonstrated in prior submissions and consistent with Koster v. Perales, 903 F.2d 131 (2d Cir. 1990), joint and several liability is warranted where multiple parties contribute to the same harm and litigation burden. Here, Plaintiff's counsel *actively and repeatedly pursued claims already released in the Settlement Agreement, and their conduct directly necessitated Defendants' enforcement motion*. Their attempt to later disavow that conduct and shift all responsibility to their client further supports the finding of professional misconduct and independent liability. It is further respectfully submitted that the Court has its own discretion to award fees which would be payable by plaintiff's attorneys directly as set forth in the parties' prior submissions.

It is additionally respectfully submitted that it would prejudice the defendants if they were placed in a position where they would have to pursue any fee award against the plaintiff alone, and whose whereabouts and ability to pay are unknown, particularly given the direct involvement in this matter by plaintiff's counsel *who knowingly engaged in a course of conduct which violated the subject settlement agreement and which resulted in an award of attorneys fees in favor of defendants*.

Should the Court require further information or documentation, I will promptly supplement this letter.

As always, we thank the Court for its continued courtesy and consideration in this matter.

Respectfully submitted,

/s/ Marcus Aurelius Nussbaum
Marcus A. Nussbaum, Esq.

cc:    **VIA ECF**
All Counsel of Record