UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIA TOLOMEI,
Plaintiff,

-v-

HESS RESTORATIONS, INC., *et al.*,
Defendants.

23-CV-52 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

This case, brought under the Fair Labor Standards Act ("FLSA"), was dismissed in 2023 pursuant to a settlement agreement. (ECF No. 21.) Now pending before the Court are certain disputes arising from actions by the parties and counsel following the settlement and dismissal.

## I. Background

The Court presumes familiarity with the background of this case, as set forth in this Court's Memorandum and Order dated June 6, 2025. (ECF No. 31.) In that Memorandum and Order, the Court (1) granted Defendants' motion to enforce the settlement agreement, enjoining Plaintiff from initiating legal proceedings against Defendants in violation of the agreement, (2) granted Defendants' motion for attorney's fees under the terms of the agreement, and (3) denied Defendants' motion for sanctions against Plaintiff and her counsel. (*Id.* at 5.)

On January 13, 2026, the Court signed a proposed order submitted by Defendants' counsel that awarded attorney's fees to Defendants (ECF No. 34), and the Clerk of Court entered a corresponding judgment (ECF No. 36).

Plaintiff promptly moved for relief from the judgment, arguing that there was no legal basis for the awarding of fees against Plaintiff's counsel. (ECF No. 35.) Plaintiff also moved for sanctions against Defendants' counsel (*id.*; ECF Nos. 45-47) and for a stay of enforcement of the

judgment for fees (ECF Nos. 41, 42, 48). Defendants responded to Plaintiff's motions on February 6, 2026. (ECF No. 50.)

On February 19, 2026, the Court held a conference with counsel for the parties. As explained at that conference, the Court determined that it had acted prematurely in issuing the January 13, 2026 order, because it had not given Plaintiff an opportunity to respond to Defendants' proposed order with respect to the amount or scope of attorney's fees. Accordingly, the Court vacated the January 13, 2026 order (ECF No. 34) and the corresponding judgment (ECF No. 36). (*See* ECF No. 59.) The Court ordered Defendants to file a letter documenting their request for attorney's fees by March 13 and Plaintiff to file her response by April 3. (*See* February 19, 2026 ECF minute entry.)

Defendants missed the March 13 deadline. After prompting from the Court, Defendants filed a letter supporting their fee request on March 31, 2026. (ECF No. 61.) Plaintiff filed her response on April 21, 2026. (ECF No. 64.)

## II. Discussion

### A. Scope of Liability for Attorney's Fees

The primary dispute between the parties is whether this Court's June 6, 2025 award of attorney's fees incurred through Defendants' efforts to enforce the settlement agreement should be imposed only on Plaintiff, or on Plaintiff's counsel as well.

As Plaintiff correctly points out, this Court expressly declined to impose any sanctions on Plaintiff's counsel in its June 6, 2025 decision. (ECF No. 31 at 5.) The sole basis for the fee award was the settlement agreement itself, which provided that "[t]he substantially prevailing party in any action or proceeding brought by reason of this Agreement shall be entitled to recover all reasonable attorney's fees and costs of litigation." (ECF No. 20-1 § 14(c).) Plaintiffs' counsel were not "parties" to the settlement agreement, nor were they counsel to

Plaintiff when the agreement was signed.

None of the cases cited by Defendants supports imposing contractual fee-shifting on non-parties, including counsel, as sought here. Defendants cite *Koster v. Perales*, 903 F.2d 131 (2d Cir. 1990), for the proposition that "when multiple actors contribute to the same litigation harm, the court may hold them jointly and severally liable for the resulting attorneys' fees." (ECF No. 50 at 4.) But *Koster* involved joint and several liability for attorney's fees *as among the defendants*—who were all *parties* to the litigation and to the settlement agreement in that case. Nothing in the Second Circuit's decision suggests that a party's counsel can be held responsible for contractual fee-shifting when counsel is not a party to the contract. (In fact, *Koster* did not involve a contractual fee-shifting provision at all, but rather fees awarded to a "prevailing party" under 42 U.S.C. § 1988.) Defendants also cite New York cases involving tortious interference with contract (*id*. at 5), but those cases are even further afield. Defendants have not asserted a tortious interference claim, much less established that the multiple elements of such a tort claim have been satisfied. The sole basis for the attorney's fees requested here is a settlement agreement to which Plaintiff's counsel are not parties.

The Court is not aware of any authority that supports holding a party's counsel liable to the opposing party for attorney's fees under a contractual fee-shifting provision that applies to parties to the contract. If there is any such authority, the parties have not cited it.

The Court concludes that only Plaintiff, and not her counsel, will be responsible for any award of attorney's fees.

**B. Amount of Attorney's Fees**

The next issue is the amount of attorney's fees to be awarded. The Court has already determined that a fee award is warranted due to Plaintiff's threatened litigation in violation of the

settlement agreement, resulting in Defendants' moving for enforcement of the agreement. (*See* ECF No. 31 at 4-5.) Because the agreement provides for "reasonable" attorney's fees, the Court must determine what amount is reasonable under the circumstances. "When awarding attorney's fees pursuant to the provisions of a contract, courts evaluate the reasonableness of the fee using the lodestar method." *Wells Fargo Bank, N.A. v. Bivona & Cohen, P.C.*, No. 12-CV-5212, 2016 WL 2745847, at *5 (S.D.N.Y. May 11, 2016). Hours billed that are "excessive, redundant, or otherwise unnecessary" should be eliminated from a fee award. *Rutledge v. Haru Inc.*, No. 20-CV-7642, 2021 WL 4429328, *3 (S.D.N.Y. Sept. 27, 2021) (Nathan, J.). "[T]he touchstone for an award of attorneys' fees pursuant to a contract is reasonableness." *CARCO Grp. Inc. v. Maconachy*, 718 F.3d 72, 86 (2d Cir. 2013).

Defendants request reimbursement for 18.2 hours spent by their counsel at $500 per hour, for a total of $9,100. (ECF No. 61.)

With respect to an hourly rate, Defendants' counsel has not submitted an engagement agreement or other evidence that he has actually billed his clients $500 per hour. In any event, "[c]ourts in this District have determined that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." *Brathwaite v. Martini Collections Inc.*, No. 22-CV-4929, 2025 WL 99108, *11 (S.D.N.Y. Jan. 14, 2025) (cleaned up). In light of counsel's experience and the relative simplicity of this matter, the Court finds that $400 is a reasonable hourly rate for the work performed in this case.

Turning to the number of hours spent by counsel, the Court finds that a reduction is warranted. First, certain entries reflect block billing with insufficient detail. (*See, e.g.*, ECF No. 61 at 2 (5.0 hours for "[l]egal research and prepare letter motion for conference"; 6.0 hours for "confer with client and prepare Letter Reply").) Second, the number of hours spent was greater

than reasonably necessary. This was a relatively simple matter involving a request to enforce a release in a settlement agreement, and although a new lawsuit had been threatened, it had not been filed. And third, the matter was made more complicated by Defendants' attempt to impose a fee award on Plaintiff's counsel, which this Court has determined lacked a legal justification.

In light of these considerations, the Court finds that eight hours at $400 per hour, for a total of $3200, represents a reasonable fee for the enforcement proceedings in this case.

**C. Sanctions**

Both Plaintiff and Defendants request sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As this Court has explained:

> To succeed under § 1927, a plaintiff must demonstrate "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (quoting *Agee v. Paramount Commc'ns Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). The second prong—bad faith—can be established by inference from completely meritless actions. *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116 (2d Cir. 2000) . . . . Awards pursuant to § 1927 may be imposed only against the attorney, not the client. *Id*. "A federal court may [also] 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023) (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The standard for imposing sanctions pursuant to the Court's inherent power is the same as that under Section 1927: "(1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson*, 221 F.3d at 79 (quotation marks omitted).

*Jones v. Combs*, 759 F. Supp. 3d 534, 539 (S.D.N.Y. 2024).

Plaintiff moves for sanctions against Defendants and their counsel based on their January 12, 2026 submission of the proposed order for entry of a judgment awarding attorney's fees. Plaintiff contends that the proposed order was improper because it included a sum certain and imposed fee liability on Plaintiff's counsel, neither of which accurately reflected the Court's June 6, 2025 decision. (ECF Nos. 45-47.)

Because the Court does not find clear evidence that Defendants or their counsel acted for improper purposes or in bad faith, the Court declines to impose sanctions. It is true that Defendants' proposed order reflected a judgment on a fee award that was favorable to Defendants. And Defendants' later characterization of the Court's June 6, 2025 order—that it "***clearly and intentionally*** imposed joint and several liability on Plaintiff and her attorneys (as well as their firm)"—was a stretch. (ECF 50 at 2.) In truth, the Court's June 6, 2025 order was ambiguous as to whether the fee award would apply only to Plaintiff or to her counsel as well, and the Court notes frankly that it did not focus on that issue. It is not unusual for a party to propose an order that is favorable to the party, and in the normal course the opposing party will have an opportunity to contest the proposed order. The Court must take responsibility for prematurely signing Defendants' proposed order without giving Plaintiff an opportunity to respond, as well as the confusion and extensive briefing that followed. But that has been remedied by vacatur of the order and judgment. And while the Court has now determined that only Plaintiff, and not her counsel, should be liable for fees, the issue was not so clear under the law that Defendants' position can be deemed frivolous.

Defendants have also moved for sanctions, arguing that Plaintiff's counsel acted vexatiously in moving to amend or vacate the judgment entered on January 15, 2026. (ECF No. 50 at 7.) But Plaintiff's motion was not vexatious or frivolous. Indeed, Plaintiff's request to

vacate the initial award was meritorious, at the very least because Plaintiff had not had an opportunity to respond to Defendants' proposed order. And, as discussed above, the Court has ultimately agreed with Plaintiff that the fee award should not apply to Plaintiff's counsel.

Accordingly, both sides' requests for sanctions are denied.

## III. Conclusion

For the foregoing reasons, and the reasons explained in the Court's June 6, 2025 Memorandum and Order, Plaintiff Tolomei shall, within 60 days, pay the sum of $3200 to Defendants, representing reasonable attorney's fees incurred in enforcing the settlement agreement in this case.

The parties' requests for sanctions are denied.

The Clerk of Court is directed to terminate the motions at Docket Numbers 35, 45, and 48.

SO ORDERED.

Dated: September 11, 2026
New York, New York

J. PAUL OETKEN
United States District Judge